## COMMONWEALTH *vs.* ANNIS A. LINCOLN, JR.

At the trial of an indictment for an assault and battery upon J. S. on a certain day, the record of the conviction of J. S. for an assault and battery on the same day upon the defendant is not admissible in evidence for the purpose of showing that J. S. assaulted the defendant first, and that the defendant acted in self defence.

INDICTMENT for an assault and battery upon Seneca Lincoln on November 20, 1871. At the trial in the Superior Court, before *Dewey,* J., the defendant contended that he was first assaulted by Seneca Lincoln, and that he acted in self defence. Seneca Lincoln was a witness and denied the prior assault. The defendant, besides other evidence, offered the record of the conviction of Seneca Lincoln before a trial justice on a complaint by the defendant charging him with an assault and battery upon the defendant on November 20, 1871. The judge ruled that the record was competent evidence upon the question of the credibility of Seneca Lincoln as a witness, but not for the purpose of showing that he was guilty of the prior assault on the defendant as contended. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*H. J. Fuller,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, J. The conviction of Seneca Lincoln was rightly ruled to be incompetent evidence upon the trial of this indictment, except upon the question of his credibility as a witness. 1st. Because it was *res inter alios,* the present defendant not having been a party to that case. *The King* v. *Warden of the Fleet,* 12 Mod. 337, 339; *S. C.* Holt, 133, 135. *Gibson* v. *McCarty,* Cas. temp. Hardw. 311. *Brownsword* v. *Edwards,* 2 Ves. Sen. 243, 246. *Patterson* v. *Gaines,* 6 How. 550, 586. *Mead* v. *Boston,* 3 Cush. 404, 407. 1 Greenl. Ev. § 537. 2d. Because, if admitted, it had no tendency to prove that the assault by Seneca upon the defendant was prior to the defendant's assault upon him. *Exceptions overruled.*