*Judgments for the Commonwealth.*

COMMONWEALTH *vs.* GEORGE A. AYERS.

Suffolk. June 16, 1874. COLT & ENDICOTT, JJ., absent.

A plea of guilty to a complaint for keeping a certain tenement open on the Lord's day, within the time covered by an indictment for keeping the same tenement for the illegal sale and illegal keeping of intoxicating liquors, is on the trial of such indictment, competent evidence to show that the defendant kept the tenement within the time charged.

COMPLAINT under the Gen. Sts. *c.* 87, §§ 6, 7, charging that the defendant did on July 30, 1873, and on divers other days between that day, and January 30, 1874, keep and maintain a certain tenement in Boston, " used for the illegal sale and illegal keeping of intoxicating liquors," whereby the same was a common nuisance. Trial in the Superior Court, before *Wilkinson,* J., who allowed the following bill of exceptions :

" At the trial, to prove that the defendant kept the tenement mentioned in the complaint, the Commonwealth offered in evidence the record of the Municipal Court for the city of Boston, for criminal business, showing that on January 19, 1874, the defendant was complained of for keeping a shop numbered two, Bowdoin Square, Boston, open for business on the Lord's day, being the same tenement named in the present complaint, and that to this complaint the defendant pleaded guilty, and paid his fine. The defendant objected to the admission of this evidence, but the court admitted it, and the defendant excepted."

Annexed to the bill of exceptions was a copy of the judgment of the Municipal Court for the city of Boston, which recited that on January 10, 1874, George A. Ayers was brought before the court by virtue of a warrant issued January 9, 1874, to answer to a complaint, setting forth that the said Ayers, January 4, 1874, that day being the Lord's day, and between the midnight preceding and the midnight succeeding the same day, at Boston, did keep open his shop, there situate and numbered two, in Bowdoin Square, for the purpose of doing business therein, and that to this complaint he pleaded guilty.

*S. J. Thomas*, for the defendant, moved to recommit the case to the Superior Court, on the ground that the papers showed that a mistake had been made either in the record of the complaint or in the bill of exceptions ; and produced a certificate of the clerk of the Municipal Court, that there was no complaint against the defendant in that court, dated January 19, 1874.

THE COURT, without passing upon the point, directed the bill of exceptions to be argued ; and it was argued by *Thomas*, for the defendant.

*C. R. Train*, Attorney General, was not called upon.

BY THE COURT. The complaint charges the defendant with keeping and maintaining a nuisance on July 30, 1873, and on divers other days and times between that day and January 30, 1874. One of the essential points to be proved is the keeping of the shop. An admission that the defendant kept the shop open on any day during this time is competent evidence against him. A plea of guilty to a complaint charging him with keeping it open is such an admission in the most solemn form. The only question here is as to the time to which the admission relates. The bill of exceptions states that it is January 19. If it were January 9 or 10, as stated in the copy of the complaint sent up with the bill of exceptions, it could make no difference.

*Motion to recommit and exceptions overruled.*