JOSEPH FOWLE *vs.* LINUS M. CHILD & another.

Suffolk. January 23, 1895. — September 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Record of Former Judgment — Set-off — Evidence of a Series of Frauds to establish a Scheme of Fraud — Former Acquittal — Res inter alios.*

On the issue whether, if the defendant took the plaintiff's money from a safety vault to which both had access, he was entitled to retain it as collateral security for a note given to him by the plaintiff, the note is admissible in evidence for the defence; and the record of a pending action between the same parties, wherein the same note had been pleaded in set-off and allowed, is inadmissible in behalf of the plaintiff.

Until a promissory note is extinguished by a judgment rendered in an action thereon, the right to retain collateral pledged as security for its payment remains with the holder.

Where there is evidence that a borrower of money, who secured the loan by pledges of other money of his own intrusted to the keeping of the lender, afterward, with a design to cheat the latter, secretly removed the money from his possession by sleight of hand, and substituted therefor something of no value, evidence is admissible of other similar frauds of the borrower in other transactions between the same parties during the same period.

If, in a civil action, various acts of fraud are proved for the purpose of showing
that they are parts of one general plan of fraud, evidence is inadmissible in
rebuttal that the perpetrator thereof was acquitted on a criminal charge based
upon one of such fraudulent acts.

CONTRACT, for money had and received. Trial in the Superior Court, before *Hopkins,* J., who allowed a bill of exceptions, in substance as follows.

In the years 1884, 1885, and 1886 the plaintiff had been in the habit of borrowing money of the defendants and giving his notes therefor, secured by cash in excess of the face of the notes, deposited in boxes in safety vaults in Boston which were taken in the names of the plaintiff and the defendants. In May, 1886, the parties adjusted the accounts between them, and the plaintiff gave a note to each of the defendants, secured by a pledge of the money so deposited in the vaults, which was the money sought to be recovered in this action. In November, 1888, the plaintiff being under arrest on a criminal charge, the defendants procured from him a power of attorney authorizing them to go to the safety vaults without him, and upon so doing the defendants, as the plaintiff contended, took therefrom a large sum of money; but, as the defendants contended, they found there nothing but scraps of paper and other worthless stuff. There was evidence tending to show that the plaintiff never went to the vaults, or examined their contents, except in company with one of the defendants or their agent. For the purpose of showing that, if any money was taken by them from the vaults, they were entitled to take and to retain it as collateral security, the defendants introduced in evidence the notes given in May, 1886, to the admission of which the plaintiff excepted, on the ground that in another action pending between him and the defendant Child the notes had been pleaded in set-off to the plaintiff's claim, and that in the report of the referee to whom the case had been referred the notes had been allowed. Final judgment had not been entered in that action, and the record thereof, which was offered in evidence by the plaintiff, was excluded, subject to his exception.

For the purpose of showing that the plaintiff was attempting to and had defrauded him, the defendant Child, subject to the exception of the plaintiff, introduced evidence tending to show

that during the time covered by the transactions described above the plaintiff had borrowed money of him secured by a pledge of tin boxes alleged to contain money, but which, when opened, were found to contain nothing of value; that the plaintiff had borrowed other money of him upon the security of · a ticket issued by the Collateral Loan Company, which recited that the company held as security one hundred dollars in bank bills; that upon presentation of the ticket for redemption it was found that the only bill deposited by the plaintiff was a ten dollar bill so folded as to resemble a one hundred dollar bill, upon which the company had loaned him fifty-two dollars.

The defendants also offered evidence, subject to the exception of the plaintiff, tending to show that during the same period of time the plaintiff had borrowed money of the defendant Mrs. Sunbury upon tumblers which appeared to contain gold pieces, but which contained only pasteboard or gilt pieces made to represent gold.

The plaintiff, in rebuttal, offered in evidence the record of a criminal case wherein he was charged with obtaining money from the Collateral Loan Company under false pretences, for the purpose of showing that, upon the trial of that charge, he was acquitted. The evidence was excluded, and the plaintiff excepted.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

The case was argued at the bar in January, 1895, and afterwards was submitted on the briefs to all the judges.

*W. H. Baker,* ( *C. H. Welch* with him,) for the plaintiff.

*R. M. Morse,* for the defendants.

BARKER, J. 1. The first and second exceptions may be disposed of together. The notes given by the plaintiff to the defendants upon the adjustment of the accounts between them in May, 1886, were secured by pledge of the money which the plaintiff sought to recover in this action, and were admissible in evidence for the defence, upon the issue whether, if they took that money, they were entitled to retain it as collateral security for the notes. The record of the former suit, in which the notes had been pleaded in set-off against the plaintiff, showed that the suit was still pending; as it had not gone to judgment, the

notes were not extinguished, and the record offered by the plaintiff was immaterial, and was rightly excluded. Until the notes were extinguished, the right to retain the collateral pledged as security for their payment remained in the defendants.

2. The next class of exceptions is to the admission of evidence that during the period covered by the transactions upon which the plaintiff's suit is founded, he committed other frauds upon the defendants in other transactions in which they lent him money. This evidence was introduced in support of the defendants' contentions that they took no money from the safety vaults, and that they found in the vaults nothing but worthless bundles secretly substituted by the plaintiff for the money which he had himself fraudulently removed.

Acts which are part of one general scheme or plan of fraud, designed and put in execution by the same person, are admissible to prove that an act which has been done by some one was in fact done by the person who designed and pursued the plan, if the act in question is a necessary part of the plan. *Commonwealth* v. *Robinson*, 146 Mass. 571, 577. See also *Wiggin* v. *Day*, 9 Gray, 97 ; *Lynde* v. *McGregor*, 13 Allen, 172; *Jordan* v. *Osgood*, 109 Mass. 457 ; *Haskins* v. *Warren*, 115 Mass. 514 ; *Horton* v. *Weiner*, 124 Mass. 92 ; *Commonwealth* v. *White*, 145 Mass. 392. And the plan itself, and the acts done in pursuance of it, may all be proved by circumstantial evidence. *Commonwealth* v. *Robinson*, *ubi supra.* The transactions shown in the evidence in the present case were very strange and peculiar. One reasonable explanation of them is that they disclose a plan by which the plaintiff designed to cheat the defendants, after first obtaining their confidence, by showing them that he had money in large amounts, by intrusting his money to their keeping, borrowing from them upon their belief that they had it in their keeping, and, when his borrowing had reached a sufficient extent, by secretly removing his money from their possession by sleight of hand, and substituting in its stead something of no value. All the transactions put in evidence were between the same parties, during the same period of time, and were of the general character of confidence games, carried through by deception and jugglery. They may well have been parts of a single plan, the chief end of which was the abstraction by the

plaintiff of the money from the safety boxes; and if so, any acts done by him in pursuance of that plan were competent to show that it was he who did the act which was its necessary culmination if successfully carried through.

3. The remaining exception is to the exclusion of evidence that the plaintiff had been acquitted in a criminal prosecution for one of the frauds, evidence of which was admitted against him. But that acquittal was *res inter alios,* like the withdrawal of suits by other parties in *Haskins* v. *Warren,* 115 Mass. 514, 538. Because the defendants were strangers to the judgment offered, it could not affect them. *Commonwealth* v. *Waters,* 11 Gray, 81. *Cluff* v. *Mutual Benefit Ins. Co.* 99 Mass. 317, 325. *Parker* v. *Kenyon,* 112 Mass. 264.    *Exceptions overruled.*