# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

GARBED DER MINASIAN *vs.* AETNA LIFE INSURANCE
COMPANY.

Suffolk.    February 3, 1936. — June 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Insurance*, Life: death of insured resulting from act of beneficiary.
   *Evidence*, Admissions, Previous criminal proceedings.

A previous plea of guilty of manslaughter to an indictment charging
   murder is merely evidence, at the trial of a civil action, of an admission
   of guilt, and at such trial evidence is admissible to show reasons for so
   pleading whereby the plea may be found to have been consistent
   with actual innocence.
A beneficiary under a policy of life insurance is not precluded from recov-
   ery thereunder in a civil action by the fact that he caused the death
   of the insured by criminal conduct amounting to manslaughter, if on
   the evidence it may be found that he did not inflict intentional injury
   of a kind likely to cause death.

CONTRACT.    Writ in the Superior Court dated February
12, 1934.

The action was tried before *Beaudreau*, J., who ordered
a verdict for the defendant.    The plaintiff alleged excep-
tions.

*H. Katz*, for the plaintiff.
*A. S. Allen*, for the defendant.

LUMMUS, J. It is settled law that a mentally responsible person who commits murder loses all right to the proceeds of a life insurance policy on the life of the person murdered. *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 27 Am. L. R. 1517. For collections of cases, see 70 Am. L. R. 1539; 91 Am. L. R. 1486; 49 Harv. Law Rev. 715. The present case requires us to consider whether that doctrine extends to cases of unlawful homicide falling short of murder.

We have before us an action of contract by the beneficiary of a policy of insurance upon the life of his wife. She died on August 3, 1930, from bullet wounds inflicted by a revolver. He was indicted for murder. Ultimately he entered a plea of guilty to so much of the indictment as charged manslaughter, and was sentenced to the State prison for not less than ten nor more than twenty years.

At the trial of the present action, the plaintiff testified in substance that the revolver was discharged, without intention on his part, during a struggle with his wife for its possession. He also offered expert evidence to prove that at the time of the shooting he was in such a mental condition that he could not distinguish right from wrong. See *Commonwealth* v. *Clark*, 292 Mass. 409. The judge excluded this expert evidence, subject to the plaintiff's exception. The plaintiff offered his own testimony to prove that his plea of guilty to manslaughter was due to the advice of counsel and to a desire to dispose of the criminal case speedily, and not to a belief in his own guilt. The judge excluded this evidence also, subject to the plaintiff's exception. The judge directed a verdict for the defendant, subject to the plaintiff's exception.

At the threshold lies the question of the effect upon this case of the criminal proceedings. Taking the plea of guilty as an admission, and disregarding for the moment the judgment which followed it, the plea, for the purposes of the present case, is only evidence of guilt. It is not conclusive, and the present plaintiff may show his reasons for entering the plea, whereby it may appear consistent with actual innocence. *Mead* v. *Boston*, 3 Cush. 404, 407. *Commonwealth* v. *Haywood*, 247 Mass. 16. *Commonwealth* v. *Mar-*

*sino,* 252 Mass. 224, 232. *Karasek* v. *Bockus,* 293 Mass. 371, 372. *Swan* .v. *Philleo,* 194 Iowa, 790. *Russ* v. *Good,* 92 Vt. 202, 205. *Gillespie* v. *Modern Woodmen of America,* 101 W. Va. 602. *Yeska* v. *Swendrzynski,* 133 Wis. 475. 31 Am. L. R. 278, note. For this reason, a verdict could not properly be directed because of the plea, without giving opportunity for explanation.

Passing to the judgment, it is generally conceded that an acquittal of a criminal charge cannot be used in a civil action as an adjudication or as evidence that the party charged was guiltless. *Fowle* v. *Child,* 164 Mass. 210, 214. *Fitzgerald* v. *Lewis,* 164 Mass. 495, 501. *Chantangco* v. *Abaroa,* 218 U. S. 476. By the traditional rule, a defendant convicted of crime is entitled to retry the question whether he actually committed the crime, when that issue arises in a civil proceeding to which the Commonwealth is not a party; and the criminal judgment is not even evidence against him on the merits of the case. *Commonwealth* v. *Lincoln,* 110 Mass. 410. *Commonwealth* v. *Cheney,* 141 Mass. 102, 106. *Interstate Dry Goods Stores* v. *Williamson,* 91 W. Va. 156; *S. C.* 31 Am. L. R. 258 (civil action for conversion against convicted thief). *General Exchange Ins. Corp.* v. *Sherby,* 165 Md. 1 (civil action for damages against person convicted of reckless driving). *Girard* v. *Vermont Mutual Fire Ins. Co.* 103 Vt. 330 (civil action to recover insurance by owner convicted of burning to defraud). *Rostron* v. *Rostron,* 49 R. I. 292 (divorce on ground of which party has been convicted). *Goodwin* v. *Continental Casualty Co.* 175 Okla. 469. *Lillie* v. *Modern Woodmen of America,* 89 Neb. 1 (civil action by convicted murderer to recover insurance on life of victim). In recent years it has been urged that this rule ought to be abandoned or modified. Some cases have held admissible a record of conviction, either as a conclusive determination of the fact against the person convicted, or as evidence against him. *Eagle, Star & British Dominions Ins. Co.* v. *Heller,* 149 Va. 82; *S. C.* 57 Am. L. R. 490. *Schindler* v. *Royal Ins. Co.* 258 N. Y. 310; *S. C.* 80 Am. L. R. 1142. *Fidelity-Phenix Fire Ins. Co.* v. *Murphy,* 226 Ala. 226. *Sovereign Camp, Woodmen of the*

*World* v. *Gunn*, 229 Ala. 508. See also *Matter of Ulmer*, 268 Mass. 373, 397, *et seq.*; *True* v. *Citizens Fund Mutual Fire Ins. Co.* 187 Minn. 636; *United States* v. *Satuloff Brothers, Inc.* 79 Fed. (2d) 846; *Diamond* v. *New York Life Ins. Co.* 50 Fed. (2d) 884; Wigmore, Evidence (2d ed.) § 1346, note 1, and supplement.

The case at bar does not require us to consider the present standing of that rule. Assuming for the sake of the argument that the plaintiff cannot deny in this action that he killed his wife by criminal conduct amounting to manslaughter, that does not necessarily settle the question of his right to recover. If the plaintiff could be allowed to recover on any conceivable state of facts constituting manslaughter which could be found upon the plaintiff's testimony, (in substance, that he did not intend to shoot his wife,) there was error in directing a verdict for the defendant.

We need not discuss the cases dealing with the right of an insured to recover against an insurer where the insured or his servant intentionally caused the loss, or was guilty of intentional misconduct which produced an unintended loss. The distinctions among these cases are not altogether easy to trace. See *Gast* v. *Goldenberg*, 281 Mass. 214, and cases cited; *Farrell* v. *Eastern Bridge & Structural Co.* 291 Mass. 323; *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445; *James* v. *British General Ins. Co. Ltd.* [1927] 2 K. B. 311; *Haseldine* v. *Hosken*, [1933] 1 K. B. 822, 834, 835, 838; *O'Hearn* v. *Yorkshire Ins. Co.* 67 D. L. R. 735; *Ohio Casualty Ins. Co.* v. *Welfare Finance Co.* 75 Fed. (2d) 58; *Brower* v. *Employers' Liability Assurance Co. Ltd.* 318 Penn. St. 440, 442; *American Fidelity & Casualty Co.* v. *Werfel*, 230 Ala. 552. The present case is stronger for the plaintiff than are cases in which an insured seeks to recover indemnity for the consequences of his own wrong, and in which questions of construction as well as of public policy arise. In the present case the plaintiff was not a party to the insurance contract. He is the beneficiary, and as such has a property right, in a policy of insurance upon the life of his wife. *Goldman* v. *Moses*, 287 Mass. 393. The ques-

tion is, whether public policy requires that he be deprived of that property right.

The answer cannot be found by mere logical deduction from any general maxim or principle. If the maxim, that no man shall profit from his own wrong, be applied literally, then the slightest negligence of a beneficiary resulting in the death of the insured would bar recovery. Such a result would be recognized generally as impractical and unjust. If that maxim be applied to all criminal wrongs, then a beneficiary who drives an automobile in which the insured is killed in a collision is often in danger of losing his rights, for the most common violations of the law of the road are misdemeanors. See *Commonwealth* v. *Adams*, 114 Mass. 323; *Gallagher* v. *Wheeler*, 292 Mass. 547. If forfeiture be the rule for all felonies, though not for misdemeanors, then every one who unintentionally causes death through reckless conduct loses his rights, for his act is manslaughter, and manslaughter is a felony. *Commonwealth* v. *Guillemette*, 243 Mass. 346. *Commonwealth* v. *Arone*, 265 Mass. 128. *Commonwealth* v. *Velleco*, 272 Mass. 94, 99. *Commonwealth* v. *Gorman*, 288 Mass. 294, 299. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445. G. L. (Ter. Ed.) c. 265, § 13; c. 274, § 1. If an insured and his beneficiary, possibly father and son, should engage in a foolhardy test of speed in an automobile driven by the latter, and the former should be killed by a collision, it would seem hard to penalize the beneficiary for the unintended result, not only by punishment for manslaughter, but also by loss of the insurance, and possibly still further by loss of all right to inherit, under the cognate rule referred to in *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 570. Even if forfeiture be limited to cases of intentional injury, but be made to apply to every intentional injury which happens unexpectedly to cause death (*Commonwealth* v. *Chance*, 174 Mass. 245, 252), cases of hardship are likely to arise. Every unjustified battery that results in death is at least a manslaughter. *Commonwealth* v. *Webster*, 5 Cush. 295, 304, 307. *Commonwealth* v. *Fox*, 7 Gray, 585, 589. *Commonwealth* v. *McAfee*, 108 Mass. 458, 461. *Com-*

*monwealth* v. *Randall*, 260 Mass. 303. If one brother, in a boyish quarrel, should give another a slight blow or push, and death should unexpectedly result, a forfeiture of insurance or of inheritance would be a consequence undesired by the deceased and shocking to the community.

A majority of the court are of opinion that the rule established in *Slocum* v. *Metropolitan Life Ins. Co.* 245 Mass. 565, 570, does not apply to a manslaughter where there was no intentional injury of a kind likely to cause death. *Schreiner* v. *High Court of Illinois Catholic Order of Foresters*, 35 Ill. App. 576. *Throop* v. *Western Indemnity Co.* 49 Cal. App. 322. *Hull* v. *Metropolitan Life Ins. Co.* 26 Penn. Dist. Rep. 197. *Metropolitan Life Ins. Co.* v. *Hill*, 115 W. Va. 515. See also *Drown* v. *New Amsterdam Casualty Co.* 175 Cal. 21; Am. Law Inst. Restatement: Restitution, § 189. Compare *Estate of Hall*, [1914] P. 1; *Lundy* v. *Lundy*, 24 Canada Sup. Ct. 650.

*Exceptions sustained.*