ANGELO R. SILVA *vs.* MARIA M. SILVA.

Bristol.　December 29, 1936. — April 17, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Competency, Previous criminal proceedings.　*Res Judicata.*
　*Judgment.*

At the hearing of a libellee's objections to the entry of a decree of divorce
　absolute after a decree *nisi* on the ground of desertion, evidence of
　the conviction of the libellant of nonsupport in a prosecution under
　G. L. (Ter. Ed.) c. 273, § 1, rightly was excluded.

LIBEL for divorce, filed in the Probate Court for the
county of Bristol on July 16, 1935.

After a decree of divorce *nisi* on the ground of desertion,
the libellee's objections to the entry of a decree absolute
were heard by *Hitch,* J., who entered a decree dismissing
the objections and ordering that the decree *nisi* become
absolute.　The libellee appealed.

No argument nor brief for the libellee.

*E. A. Hathaway,* for the libellant, submitted a brief.

QUA, J.　Within six months after a decree *nisi* for deser-
tion the libellee filed a statement of objections.　G. L.
(Ter. Ed.) c. 208, § 21.　Rule 40 of the Probate Courts
(1934).　One objection was that the libellant "has been
convicted of neglect of family," with a reference to G. L.
c. 273, § 1.　At the hearing on the objections the trial
judge excluded evidence as to criminal proceedings on com-
plaints by the libellee against the libellant, apparently for
nonsupport.　Upon one of these the libellant was found
guilty and ordered to pay weekly for the support of the
libellee.　G. L. (Ter. Ed.) c. 273, § 5.　Upon another he
was fined and ordered to pay the fine to a probation officer
for the benefit of the libellee.　G. L. (Ter. Ed.) c. 273, § 3.
Although the record is not plain, we assume for the pur-
poses of this decision that in at least one instance the libel-
lant was convicted for unreasonably neglecting or refusing

to support the libellee within the period of the alleged desertion by the libellee for which the decree *nisi* was granted.

The ruling was right. We think that the "traditional rule" by which "a defendant convicted of crime is entitled to retry the question whether he actually committed the crime, when that issue arises in a civil proceeding to which the Commonwealth is not a party" (*Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 2–4, and cases cited) must be deemed to be law in this jurisdiction. *Mead* v. *Boston*, 3 Cush. 404, 407. *Commonwealth* v. *Lincoln*, 110 Mass. 410. *Commonwealth* v. *Cheney*, 141 Mass. 102, 106. *Parker* v. *Kenyon*, 112 Mass. 264. *Fowle* v. *Child*, 164 Mass. 210. *Fitzgerald* v. *Lewis*, 164 Mass. 495. *Commonwealth* v. *Simmons*, 165 Mass. 356, 358. In *Commonwealth* v. *Waters*, 11 Gray, 81, 83, it is said that "The judgment is effectual only between those upon whom its operation is mutual, and therefore he against whom it can in no respect be enforced is not permitted to use it for his own benefit or to the prejudice and disadvantage of his adversary." *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 571. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14, 18. Here there could have been no mutuality, for nothing decided in criminal proceedings brought against the libellant could have bound the libellee, who was not a party to them, even if she did make the complaints by which they were initiated. We have not considered other possible grounds upon which the ruling might be sustained.

Other rulings upon evidence need not be discussed in detail. Not enough appears in the record to show that the libellee's rights were prejudiced thereby or by the decree dismissing the objections and making the decree *nisi* absolute.

*Decree affirmed.*