### James J. Morrissey *vs.* George Powell.

Berkshire.    September 19, 1939. — November 3, 1939.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Evidence*, Admissions, Withdrawn plea of guilty.

Evidence, that a defendant in an action for injuries sustained in an acci-
dent alleged to have been caused by his negligent operation of an
automobile had pleaded guilty to a criminal complaint charging him
with operating a motor vehicle while under the influence of intoxi-
cating liquor at the time of the accident, should have been admitted
at the trial of the civil action although it appeared that he had been
permitted in the criminal case to withdraw the plea and to plead not
guilty and that after a trial the complaint had been dismissed.

Tort.    Writ in the District Court of Central Berkshire
dated September 3, 1937.

On removal to the Superior Court, the action was tried
before *Dillon*, J., and a verdict was returned for the de-
fendant.

*F. J. Quirico*, for the plaintiff.

No argument nor brief for the defendant.

Cox, J.    The jury returned a verdict for the defendant
in this action of tort for personal injuries, alleged to have
been sustained by the plaintiff as the result of the negligent
operation of a motor vehicle by the defendant on August 9,
1937.    The defendant admitted that he had had some beer
about four hours prior to the happening of the accident in
question.    It was agreed that, on August 9, 1937, the defend-
ant pleaded guilty in the District Court to a charge of oper-
ating a motor vehicle while under the influence of intoxicat-
ing liquor at the time the accident in question occurred; that
the case was continued to August 30, 1937, when the defend-
ant was permitted to withdraw his plea of "guilty" and to
plead "not guilty," and, after a trial, the complaint was dis-
missed.    The plaintiff offered to prove these facts by the
records of the District Court or by a duly certified copy, and
also by proper questions put to the defendant as a witness.

The defendant waived the necessity of producing the original records of the District Court and also the necessity of asking the defendant the specific questions "necessary to bring out the above facts." He objected to the competency of "such" evidence, stating that he raised no question as to the method of proof of the facts and admitted such to be the facts. The trial judge excluded the evidence, and the plaintiff's exception to its exclusion presents the only issue in the case.

A plea of "guilty" is an admission of the material facts alleged in the complaint or indictment, *Commonwealth* v. *Ayers*, 115 Mass. 137; compare *Commonwealth* v. *Lannan*, 13 Allen, 563, 569, and in so far as it amounts to an admission of facts material in the trial of a civil case in which the person so pleading is a party, it is admissible as evidence against him. *Dzura* v. *Phillips*, 275 Mass. 283, 289, 290. See *Blackman* v. *Coffin*, 300 Mass. 432, 437. But such a plea, even when followed by a conviction, is not necessarily conclusive as to the facts admitted, and the record of a conviction based upon a plea of guilty is received "not as a judicial act, having the force and effect of a judgment, but as a solemn confession of the very matter charged in the civil action." *Mead* v. *Boston*, 3 Cush. 404, 407. The plea may be explained and reasons shown for entering it. *Buxton* v. *Somerset Potters' Works*, 121 Mass. 446. *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3, and cases cited. See *Leary* v. *Keith*, 256 Mass. 157, 158. The "best evidence" rule as to the production of written evidence does not apply to the admissions of parties inasmuch as what a party admits against himself may reasonably be taken as true. *Smith* v. *Palmer*, 6 Cush. 513, 521. *Loomis* v. *Wadhams*, 8 Gray, 557, 559, 562. On the other hand, when a defendant has been convicted of a crime not based upon his plea of "guilty," the conviction is not conclusive when that issue arises in a civil proceeding to which the Commonwealth is not a party, *Silva* v. *Silva*, 297 Mass. 217; *Blackman* v. *Coffin*, 300 Mass. 432, 437, and in the trial of a civil case a party is not entitled to show that he has been acquitted in a criminal prosecution involving the subject matter of the civil action (*Fowle* v. *Child*, 164 Mass. 210, 214) as an ad-

judication or as evidence that the party charged was guilt-less. *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3.

We are aware of no case in this Commonwealth where the precise question to be decided has been considered. There is a conflict of authority on the question whether after the withdrawal of a plea of guilty and the entry of a plea of not guilty, the former plea may be shown. In the case of *Kercheval* v. *United States*, 274 U. S. 220, 224, it was held that a plea of guilty withdrawn by leave of court is not admissible on the trial of the issue arising on the sub-stituted plea of not guilty. It was there said that the effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty "be held for naught," and that its subsequent use as evidence against the defendant was in direct conflict with that determination. Cases are cited in the opinion in support of this proposition as well as cases where a different view is taken, and where it is held that the plea is a statement of guilt having the same effect as if made out of court; that it is received on the principle which permits a confession of the accused in a lower court to be shown against him at his trial in the higher court; that it is not received as conclusive, and like an extra-judicial confession, is not sufficient without other evidence. See *State* v. *Carta*, 90 Conn. 79; *People* v. *Steinmetz*, 240 N. Y. 411, 416. In this Commonwealth a plea of guilty in a lower court where the defendant is held for the grand jury is admissible against the accused at the trial upon the sub-sequent indictment. *Commonwealth* v. *Haywood*, 247 Mass. 16, 19–20. Where a defendant pleads guilty in the lower court, and upon his conviction appeals to the Superior Court, it has been held that while the appeal vacates the judgment, it does not change the issue, which has been joined, or entitle the defendant to a jury trial, and on the record nothing remains to be done except to impose sentence. *Commonwealth* v. *Crapo*, 212 Mass. 209. Whether a plea entered and accepted by the court may be withdrawn and a different plea entered rests in the sound judicial discretion of the judge, and there is no doubt that if a plea is entered by mistake or by inadvertence, or by an attorney with-

out authority, the judge in his discretion may permit it
to be withdrawn and allow the defendant to plead anew.
*Commonwealth* v. *Marino,* 254 Mass. 533, 535, and cases
cited.

We are of the opinion that the same principle that admits
the admission of a defendant by his plea of guilty in the
lower court to be introduced against him upon trial in the
higher court, should admit, with the same consequences and
subject to the same rights of explanation, his admission by
a plea of guilty, afterwards withdrawn, in the trial of a civil
action where his admission is competent upon an issue there
tried.  It seems to us that the real question involved, when
a defendant who has pleaded guilty asks the judge's per-
mission to change his plea, is whether he shall be sentenced
on his plea of guilty or be permitted to go to trial upon the
complaint.  The change of plea, if permitted, is a means to
an end.  The withdrawal of the plea stays the hand of the
judge as to the right and duty to impose sentence, but it
does not withdraw the fact that the plea was entered.  Under
such circumstances, the plea of guilty is not conclusive and
is nothing more than a piece of evidence inconsistent with
the defendant's later claim that he is not guilty.  Conflict-
ing statements by a party are common incidents of trials.
The withdrawal of the plea of guilty and the entry of a plea
of not guilty were, in effect, only the denial of the facts that
at one time had been admitted.  If, as was said by Shaw,
C.J., in *Mead* v. *Boston,* 3 Cush. 404, at page 407, "The
admission . . . [plea of guilty] is received, not as a judicial
act, having the force and effect of a judgment, but as a
solemn confession of the very matter charged in the civil
action," we are unable to follow the cases holding that the
"judicial act" that permits the withdrawal of a plea of
"guilty" and the substitution of a plea of "not guilty" sets
at naught the original plea.  The judge, by his act, does not
go into the question of whether the defendant is guilty or
not, but merely determines whether he should be given an
opportunity for a trial.  The plea of "not guilty," which
follows the judge's permission to change the plea, is the act
of the defendant as was his plea of "guilty."  The act of the

judge in permitting the withdrawal of the plea cannot change the fact that the defendant pleaded "guilty" and ought not to be construed as amounting to a complete destruction of the force and effect, as a matter of evidence, of that plea.

We are not here concerned with the rule under which the credibility of the witness is sought to be affected by showing conviction of crime. G. L. (Ter. Ed.) c. 233, § 21. In such a case the record is conclusive evidence of the conviction and must be left unexplained. *Commonwealth* v. *Gallagher*, 126 Mass. 54. *Commonwealth* v. *Galligan*, 156 Mass. 270. *Lamoureux* v. *New York, New Haven & Hartford Railroad*, 169 Mass. 338, 340. Neither are we concerned with the rule where, the parties being the same, the former judgment is held to have established all facts that were involved in the issue then tried and essential to the judgment rendered upon it. In such a case the record of conviction is conclusive and not open to explanation. *Commonwealth* v. *Evans*, 101 Mass. 25. *Commonwealth* v. *Feldman*, 131 Mass. 588. *Commonwealth* v. *Ellis*, 160 Mass. 165. See *Commonwealth* v. *Fortier*, 258 Mass. 98.

If the defendant was operating the automobile in question while under the influence of intoxicating liquor at the time the accident occurred, this was competent evidence, and in our opinion the excluded evidence should have been received.

*Exceptions sustained.*