MARGUERITE PILOS *vs.* FIRST NATIONAL STORES INC.

Middlesex. March 4, 1946. — May 3, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Practice, Civil,* Variance, Ordering verdict, New trial. *Evidence,* Relevancy and materiality, Of criminal proceedings. *Arrest and Imprisonment. Agency,* Scope of authority or employment.

In an action for false arrest and imprisonment, it was error to deny a motion by the defendant, referring to the pleadings, for a directed verdict where the declaration alleged an arrest of the plaintiff by a police officer at the direction of the defendant, but the evidence showed

only a detention of the plaintiff by an agent of the defendant who was not a police officer.

Evidence that the plaintiff had been acquitted on a complaint for larceny was incompetent at the trial of an action for false arrest and imprisonment on a charge of such larceny.

Evidence of the duties of the "grocery manager" of a store warranted a finding that he acted within the scope of his authority when he "dragged" a woman customer into the rear of the store and detained her there against her will on a charge of stealing from the store.

An arrest and imprisonment of a woman customer of a store might properly be found on evidence that an employee of the proprietor "dragged" the customer into the rear of the store and detained her there against her will on a charge of stealing from the store.

In the circumstances, where there was evidence supporting both of two causes of action and there was a verdict for the plaintiff for substantial damages on a first count based on one cause and, on a second count based on the other cause, a verdict for the plaintiff for nominal damages instead of a verdict, which the evidence would have warranted, for substantial damages, but there was a variance between the allegations of the first count and the proof respecting the first cause, this court, on an exception of the defendant solely to the denial of his motion for a directed verdict on the first count, sustained the exception but ordered both verdicts set aside and a new trial on both counts

TORT. Writ in the Superior Court dated June 12, 1943. The action was tried before *Good*, J.

*M. R. Reiser*, for the plaintiff.

*S. L. Kaplan*, for the defendant.

QUA, J. The plaintiff's declaration is in three counts, (1) for slander in accusing the plaintiff of stealing from the defendant's store, (2) for false arrest and imprisonment of the plaintiff on a charge of stealing from the defendant's store, and (3) for "assault and trespass upon the person of the plaintiff." There was a verdict for the plaintiff on the first count for $1, on the second count for $500, and on the third count for $1. The defendant excepts.

There was error in denying the defendant's motion for a directed verdict in its favor on the second count. That count declared upon an arrest *by a police officer* at the direction of the defendant. At the trial the case was submitted to the jury "on the basis" of a claim by the plaintiff that the false arrest and imprisonment for which she sought recovery consisted in her detention at the store *by an agent of the defendant* before any police officer arrived. The

judge instructed the jury, without exception, that the defendant was not responsible for what happened after the arrival of the officers. The second count did not cover any arrest or imprisonment which was not the act of a police officer and therefore did not cover the detention of the plaintiff by an agent of the defendant who was not a police officer. The defendant's motion for a directed verdict referred to the pleadings and therefore directed the judge's attention to the allegations of the count. *Shannon* v. *Willard*, 201 Mass. 377, 384–385. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563. *Tinkham* v. *Wind, ante,* 158, 160. *Pochi* v. *Brett, ante,* 197, 205. See *Oulighan* v. *Butler,* 189 Mass. 287, 289; *Murphy* v. *Russell,* 202 Mass. 480; *Noyes* v. *Caldwell,* 216 Mass. 525.

There was also error in allowing the plaintiff to show that she was acquitted on the complaints filed against her for the alleged larceny. The legality of the alleged arrest and detention of the plaintiff did not depend upon the same considerations as did the subsequent disposition of the complaints against her, and evidence of acquittal on a complaint is held incompetent in an action for false arrest and imprisonment. *Fitzgerald* v. *Lewis,* 164 Mass. 495, 501. *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey,* 240 Mass. 421, 426. Moreover, it is the general rule that judgments in criminal cases bind only the parties thereto, that is, the Commonwealth and the defendant, and that they are res inter alios in civil actions between individuals and in criminal prosecutions against other defendants. *Mead* v. *Boston,* 3 Cush. 404. *Commonwealth* v. *Waters,* 11 Gray, 81. *Commonwealth* v. *Cheney,* 141 Mass. 102, 106. *Cluff* v. *Mutual Benefit Life Ins. Co.* 99 Mass. 317, 325. *Commonwealth* v. *Lincoln,* 110 Mass. 410. *Parker* v. *Kenyon,* 112 Mass. 264. *Fowle* v. *Child,* 164 Mass. 210, 214. *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3. *Silva* v. *Silva,* 297 Mass. 217. *Morrissey* v. *Powell,* 304 Mass. 268, 269. *Matter of Welansky, ante,* 205, 208. If, however, the action had been for malicious prosecution instead of for false arrest and imprisonment, the record of acquittal would

have been competent, since proof that the plaintiff had been acquitted in the prosecution would then have been an essential part of her case. *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey*, 240 Mass. 421, 426. In malicious prosecution, too, a record of conviction in a lower court is competent to show probable cause. *Desmond* v. *Fawcett*, 226 Mass. 100. *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 201. *Carere* v. *F. W. Woolworth Co.* 259 Mass. 238. But malicious prosecution is a wrong quite distinct from false arrest and imprisonment, and recovery is governed by different principles. *Wax* v. *McGrath*, 255 Mass. 340, 342. And of course we are not speaking of cases where the record of a conviction is offered under G. L. (Ter. Ed.) c. 233, § 21, to affect the credibility of a hostile witness.

There was evidence for the jury that the defendant's agent acted within the scope of his authority in whatever he did in connection with the detention of the plaintiff. His duties as "grocery manager" and as to the protection of merchandise against stealing were "to see that all money transactions went through the channels of operation properly," to see that "the money transactions were completed properly," and "anything else that pertained to the grocery department." *McDermott* v. *W. T. Grant Co.* 313 Mass. 736, 738. Butter, which was one of the articles the plaintiff was accused of stealing, was "part of the grocery department," and stealing it while it was rationed by the Federal government was a felony. St. 1942, c. 2, § 1. It is true that a private individual may sometimes lawfully make an arrest on his own initiative for a felony, but he can justify his conduct only by proving that the felony was actually committed. *Commonwealth* v. *Carey*, 12 Cush. 246, 251. *Rohan* v. *Sawin*, 5 Cush. 281, 285. *Jacques* v. *Childs Dining Hall Co.* 244 Mass. 438, 441. And there was evidence for the jury that before the officers arrived the defendant's agent "dragged" the plaintiff into and to the back of the store and detained her against her will, which could be found to be an arrest and imprisonment. *Jacques* v. *Childs Dining Hall Co.* 244 Mass. 438. As the evidence and the posture of the case may be substantially different upon a

second trial, it does not seem advisable to go into further detail at this time.

The defendant expressly waives any rights to a new trial on the first and third counts, on each of which a verdict was rendered against it for $1.  By this move, taken in connection with its contention (which we think sound) that a verdict should have been ordered in its favor on the second count, the defendant apparently hopes to be finally relieved from the case upon the payment of nominal damages only.  We think this result should not follow without giving the plaintiff a further opportunity to prove a case for substantial damages.  It is plain that the judge intended to submit to the jury the question of the defendant's liability for detention of the plaintiff by an agent of the defendant before the officers arrived, and the jury's finding of $500 for the plaintiff, in view of the instruction given them, must have been intended by them as damages for what the agent of the defendant did before the officers arrived.  The case went astray because of failure to notice the limited scope of the second count and because the jury, having before them both the second and third counts, returned their verdict of $500 on the second count upon which it cannot stand instead of on the third count upon which, if otherwise it had been free from error, it could have stood. The mistake should be corrected and the case set straight. In the peculiar circumstances of this case, when the defendant attacked the verdict on the second count it necessarily laid open to revision the verdict on the third count in order that the correction of one error might not lead to the possibility of an injustice at least as great.  See *Simmons* v. *Fish,* 210 Mass. 563, 572; *Sun Oil Co. of California* v. *Union Drilling & Petroleum Co.* 208 Cal. 114, 119; *Dow* v. *Latham,* 80 N. H. 492, 499.

The exceptions are sustained.  The verdict for the plaintiff on the first count is to stand.  The verdicts for the plaintiff on the second and third counts are set aside and the case is to be retried upon the second and third counts.

*So ordered.*