JOSEPH GIROUX *vs.* BOARD OF DENTAL EXAMINERS.

Suffolk.    December 1, 1947. — January 6, 1948.

Present: LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Dentist.    License.*

The words "any offence" in § 61 of G. L. (Ter. Ed.) c. 112, authorizing the board of dental examiners to revoke and cancel the certificate and registration of a practitioner upon finding him "guilty of deceit, malpractice, gross misconduct in the practise of his profession, or of any offence against the laws of the commonwealth relating thereto," are not limited to misconduct as a dentist, but include violation of a law relating to admission to that profession.

An intentional false representation by an applicant for registration as a dentist, that he was a graduate of a certain college of dentistry, would be ground for revocation and cancellation by the board of dental examiners, under G. L. (Ter. Ed.) c. 112, § 61, of the certificate and registration granted on such application.

Revocation and cancellation by the board of dental examiners of a certificate and registration to practise dentistry, grounded on a finding that the dentist in his application for registration falsely and with intent to deceive had claimed that he was a graduate of a certain college of dentistry, was not vitiated by the mere fact that, three months after the action of the board, the dentist had been acquitted on a criminal charge of making such false and intentional claim.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 18, 1947.

The case was heard by *Qua,* J.

*W. G. Todd,* for the petitioner.

*A. E. LoPresti,* Assistant Attorney General, for the respondents.

LUMMUS, J.    This is a petition, filed on March 18, 1947, under G. L. (Ter. Ed.) c. 112, § 64, praying for the reversal of a decision of the respondent board, made on March 9, 1932, revoking the certificate of the petitioner to practise

dentistry and cancelling his registration as a dentist, which were granted him on September 7, 1925.

The ground of the decision made on March 9, 1932, was that in his application for registration he had falsely and with intent to deceive claimed to be a graduate of Montreal College of Dentistry. The action of the board must be supported, unless it affirmatively "appears that the decision was clearly wrong." G. L. (Ter. Ed.) c. 112, § 64. As the single justice pointed out, "For aught that appears there may have been ample evidence before the board in 1932 indicating that the diploma" presented by the petitioner was a forgery. If the diploma was a forgery, the inference would have been "practically irresistible," as the single justice said, that the petitioner knew it was a forgery, and was guilty of "falsely and with intent to deceive" in claiming to be a graduate of a college granting degrees in dentistry, under G. L. (Ter. Ed.) c. 112, § 52. Under § 61 the board was authorized to revoke and cancel the certificate and registration of the petitioner, upon finding him "guilty of deceit, malpractice, gross misconduct in the practise of his profession, or of any offence against the laws of the commonwealth relating thereto." The words "any offence" are not limited to misconduct as a dentist, but include the violation of any law "relating" to the practice of the profession of dentistry. That covers the violation of a law relating to admission to that profession.

It appears that on June 8, 1932, after the action of the board taken on March 9, 1932, the petitioner was tried and acquitted by a jury in a criminal court upon the charge under G. L. (Ter. Ed.) c. 112, § 52, of falsely and with intent to deceive claiming to be a graduate of a college granting degrees in dentistry. That fact, in our opinion, does not vitiate the action of the board, for one reason because that action preceded the acquittal in point of time. Furthermore, this is a civil proceeding, while the acquittal was in a criminal proceeding, and the parties to the two proceedings are different. *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3. *Silva* v. *Silva,* 297 Mass. 217, 218. *Pilos* v. *First National Stores Inc.* 319 Mass. 475, 477.

Since the decree of the single justice appears to have been right for reasons already stated, we need not consider whether the failure of the petitioner to seek a remedy for fifteen years constituted such laches as to bar the present petition. *Streeter* v. *Worcester*, 177 Mass. 29.  *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192.  *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 491.

*Final decree dismissing petition affirmed.*