*Northern District*

No. 5310

**CORONELLA**

**v.**

**FISCHER**

(March 8, 1960)

*Present:* Brooks, J. (Presiding), Northrup and Kelleher, JJ.

Case tried to *Loschi, J.,* in the District Court of East Boston. No. 9469.

*Brooks, J.* This is an action of tort in which plaintiff seeks to recover for damages caused on March 25, 1956, to her parked automobile by an automobile owned and operated by defendant. Defendant pleaded General Denial, Contributory Negligence, No Agency, Violation of Law, Illegal Registration.

*At the trial of the case,* plaintiff testified that at the time of the collision she was the owner of a 1956 Pontiac, which she had purchased eight weeks prior to the accident; that she had used the car in her business, which at the time of the accident and for about two months prior thereto, was selling Pontiac Automobiles.

Plaintiff was asked by her attorney, "Do you have an opinion as to the fair market value of your automobile immediately prior to the accident?" Plaintiff responded in the affirmative and the following question was

put to the witness, — "What in your opinion was the fair market value of your automobile immediately prior to the collision?" Defendant's objection to the question was overruled. Thereupon, defendant requested that the ruling be reported to the Appellate Division.

While the report does not specifically say so, it perhaps can be assumed that plaintiff gave her opinion of the fair market value.

Plaintiff was similarly asked whether she had an opinion as to the fair market value immediately after the accident to which she responded in the affirmative. Then she was asked to state her opinion, whereupon again defendant objected and on the objection being overruled, requested a report to the Appellate Division. The report here does state that plaintiff gave her opinion.

Following plaintiff's testimony, attorney for plaintiff called defendant as his witness. He was asked his name and address, whether or not he was the owner of the other car involved in the accident, whether or not he was the operator of his car at the time of the accident, whether or not he was involved in the accident, and to describe how the accident occurred. The attorney then asked him the following questions, using certified copies of the records of the Suffolk Superior Criminal Court:

1. "Are you the same John G. Fischer who, on March 26, 1956, in the East Boston Court pleaded guilty to being drunk on March 25, 1956, and who was later found guilty by the Suffolk Superior Court of drunkenness, and paid a fine of Five Dollars?" The attorney for the De-

fendant objected, the objection was overruled, and the Defendant was allowed to answer. The Defendant answered "Yes." The Defendant requested that said ruling be reported to the Appellate Division.

2. "Are you the same John G. Fischer, who, on March 26, 1956, at the East Boston Court pleaded guilty to the charge of operating a motor vehicle on a way while under the influence of intoxicating liquor, same alleged to have been committed by you on March 25, 1956, and who was later found guilty by the Suffolk Superior Court of the same charge, and paid a fine of Thirty-Five Dollars?" The attorney for the Defendant objected, the objection was overruled, and the Defendant was allowed to answer. The Defendant answered "Yes." The Defendant requested that said ruling be reported to the Appellate Division.

3. "Are you the same John G. Fischer, who, on March 26, 1956, at The East Boston Court pleaded guilty to the charge of operating a motor vehicle on a way negligently so that the lives and safety of the public might be endangered, same alleged to have been committed by you on March 25, 1956, and who was later found guilty by the Suffolk Superior Court of the same charge, and paid a fine of Twenty Dollars?" The Attorney for the Defendant objected, the objection was overruled, and the Defendant was allowed to answer. The Defendant answered, "Yes." The Defendant requested that said ruling be reported to the Appellate Division.

The attorney for plaintiff then asked defendant the following question: "Did these charges and pleas of guilty arise out of the same accident being tried as a Civil Action today?" Defendant answered, "Yes."

A finding for plaintiff was entered in the sum of $1300.

The report did not allege that it contained all the evidence material to the question reported.

The first issue is whether plaintiff was qualified to give an opinion as to the fair market value of her automobile immediately before and immediately after the accident. We think that she was.

Plaintiff's Pontiac car involved in the accident had been purchased by her shortly before the accident. She, herself, had been in the business of selling Pontiac cars for a brief period before the accident. This would give her the familiarity with her property specified in *Southwick v. Mass. Turnpike Authority,* 339 Mass. 666; *Rubin v. Arlington,* 327 Mass. 382; and *Meneci v. Orton Crane & Shovel Co.,* 285 Mass. 499, 503, and cases cited .The decision of the judge as to whether witness is qualified is conclusive, unless plainly wrong. *C. v. Sturtivant,* 117 Mass. 122, 137; *Rubin v. Arlington Supra.*

The second issue raised by defendant is that the trial court erroneously admitted defendant's admission of guilt in the criminal proceeding following the accident, which is the basis for the present civil suit. Specifically, defendant admitted that he had pleaded guilty in the District Court to the offenses of drunkenness, driving under the influence of intoxicating liquor, and operating a motor vehicle negligently so that the lives and safety of the public might be in danger, upon which pleas he was found Guilty and paid fines totaling $60.

There was no error in the admission of this evidence. Defendant's statements constituted an admission of facts material in the civil case. In a substantially similar case, *Morrissey v. Powell,* 304 Mass. 268, the court said at Page 269, "A plea of 'Guilty' is an admission of the material facts alleged in the complaint or indictment, *C. v. Ayers,* 115 Mass. 137; compare *C. v. Lannan,* 13 Allen, 563, 569, and insofar as it amounts to an admission of facts material in the trial of the civil case in which the person so pleading is a party, it is admissible as evidence against him. *Dzura v. Phillips,* 275 Mass. 283, 289, 290. *Blackman v. Coffin,* 300 Mass. 432, 437.

R. J. Cotter, Jr. of Boston, S. T. Keefe, of Wollaston, for the Plaintiff.

Max Singer of Boston, for the Defendant.