Henderson **HOWARD**, Plaintiff-Appellant,

v.

Carl C. **RILEY**, Defendant-Respondent.

No. 51744.

Supreme Court of Missouri,
Division No. 2.

Dec. 12, 1966.

William W. Van Matre, Van Matre &
Van Matre, Mexico, for plaintiff-appellant.

Latney Barnes, Barnes & Barnes, Mexico, for defendant-respondent.

FINCH, Judge.

Plaintiff obtained a verdict for $15,900 for personal injuries ($15,000) and property damage ($900) resulting from a two-vehicle collision. The trial court sustained defendant's motion for a new trial and directed a retrial on all issues. Plaintiff appealed, seeking to have the verdict reinstated and judgment entered on the verdict.

The collision out of which this case arose occurred in Montgomery County at a T intersection of Route B, a two-lane blacktop road which runs east and west, and an undesignated gravel road which runs southward from its T intersection with B.

Both plaintiff and defendant were traveling west on B. Plaintiff's truck made a left turn from B into the gravel road and while so doing was struck by defendant's automobile, which was in the act of passing on the left. The parties had differing versions as to whether a left turn signal was given, whether the horn was honked, and the details of how the collision occurred. In view of the nature of the questions on appeal, it

is not necessary to recite the details of this conflicting evidence.

Plaintiff's petition charged several grounds of negligence, one of which was that defendant operated his automobile at a "high and excessive rate of speed and at a rate of speed that was not careful and prudent under the circumstances then and there existing considering the location with respect to intersecting highways, thereby endangering the life, limb and property of other persons on said highway and particularly the plaintiff." During the course of the trial, plaintiff called as a witness the Judge of the Magistrate Court of Montgomery County, who read to the jury as an admission against interest the official records of his court pertaining to a case by the State of Missouri against defendant herein which arose out of the operation of his motor vehicle at the place and time in question. From those records it was disclosed that defendant, on October 23, 1963, entered a plea of guilty to the charge in an information filed by the Prosecuting Attorney of Montgomery County. It charged that on October 14, 1963, Carl C. Riley wilfully and unlawfully drove a motor vehicle on Route B in Montgomery County "in a careless and imprudent manner and at a rate of speed not careful and prudent considering the time of the day, the amount of vehicular and pedestrian traffic, the condition of the highway, the location with reference to intersecting highways, curves, and residences and schools, thereby endangering the life, limb and property of other persons."

On cross-examination of the magistrate by counsel for defendant, the following occurred:

"Q. Now, when the Information was first read to him, did he immediately admit his guilt to that? A. Well, he attempted to explain the circumstances connected with the case.

"Q. Then what was said to him about it, when he went on to say he would like to explain it? A. As I recall, I advised him that if he wanted to enter a plea of not guilty, I couldn't hear and didn't want to hear any of the facts of the case—if he wanted to enter a plea of not guilty, we'd set it for trial.

"Q. If he wanted to enter a plea of not guilty you would set it for trial and there would be a trial. Now, what was said about, if, however, he plead guilty, then he'd be able to—did not Mr. Lehnen say right then, 'If, however, you plead guilty, then you can explain your side of it to the Judge?'

"MR. VAN MATRE: Now if the Court please, what Mr. Lehnen said would be hearsay to this plaintiff.

"THE COURT: Objection sustained.

"MR. BARNES: I think we have the right, Your Honor—

"THE COURT: The objection is sustained.

"(AT THE BENCH, WITHOUT THE HEARING OF THE JURY)

"MR. BARNES: We offer to show, if permitted to answer, that this witness will testify that the defendant was told in open court that he would not be permitted to tell what happened until after he had entered his plea of guilty—that if he did enter a plea of guilty, he would then be entitled to tell his side of the story. I think he has a right to show the circumstances under which he entered the plea.

"THE COURT: Proffer denied.

"(BEFORE THE COURT AND JURY)

"Q. He was fined $15.00 and he paid the $15.00? A. A fine of $15.00.

"MR. BARNES: That's all."

After the evidence was all in and just before arguments to the jury were to begin, the following occurred outside of the presence of the jury:

"MR. VAN MATRE: * * * During the final arguments, we do not think that the defendant's attorney ought to be able

to argue to the jury any explanation or extenuation of the conviction had in the Magistrate Court of Montgomery County. I don't think he ought to be permitted to argue in any way concerning that conviction that would attempt to show it was done in any way other than a formal plea of guilty.

"MR. BARNES: We think that's not the law. We don't think having admitted his guilt, that he is automatically forever barred against making any explanation of his reasons for doing so.

"THE COURT: The Court is of the opinion that the conviction is final. There is no way to collaterally attack it. It can't be attacked at this time. That doesn't necessarily mean that the act cannot be, that the defendant was not, in fact, guilty of negligence. The Court will not permit an argument attempting to state he was not in fact guilty of what he plead guilty to."

Finally, during argument of the case to the jury, the following occurred:

"MR. BARNES: * * * Now that's the charge. And we say to you that a $15.-00 fine imposed on that, and you heard the Justice himself say, 'Well, the man first said he wasn't guilty of that.' And he said, 'Well, you'll have to plead guilty or not guilty.'

"MR. VAN MATRE: Just a moment—

"THE COURT: The objection is sustained.

"MR. VAN MATRE: If the Court please, in view of the previous objections that were made, we ask that counsel be reprimanded for that remark.

"THE COURT: I think, Mr. Barnes, that was beyond the scope of the argument which the Court had earlier indicated you were entitled to go.

"MR. BARNES: I beg the Court's pardon if I have gone beyond what I should have."

The trial court sustained defendant's motion for a new trial on the specific ground that it erred in refusing defendant's offer of proof made during cross-examination of the magistrate, erred in instructing counsel not to argue to the jury that defendant was not guilty of the misdemeanor to which he had entered a plea of guilty, and erred in sustaining plaintiff's objection to argument of counsel about the magistrate court case and in stating to counsel that he had gone beyond the scope of argument which the court had indicated would be permissible.

All three of these incidents relate to the question of whether it is permissible in a civil case for damages arising from an automobile accident to explain a plea of guilty to a criminal charge arising out of that accident. Consequently, all three of these incidents are considered together.

■ We find no case in Missouri on the admissibility of evidence by way of explanation of a plea of guilty, evidence of which has been admitted in a civil case as an admission against interest. It is stated in Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9C, § 6196, page 306: "Evidence of a plea of guilty to a criminal charge arising out of an automobile accident is generally admissible, but it is not conclusive, and may be explained." See also Annotation: 18 A.L.R.2d 1287, 1311, where it is stated: "Evidence of a plea of guilty is not conclusive in a civil action, but may be explained by the party concerned." See also Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626, and Minasian v. Aetna Life Ins. Co., 295 Mass. 1, 3 N.E. 2d 17, both of which permit evidence explaining a plea of guilty, including evidence of reasons for entering the plea.

■ We think that the rule announced in Blashfield and in the A.L.R. Annotation is

sound, but find that on the record before us there is no basis for its application in this case.

The first portion of the offer of proof, which the court refused, sought to show by Magistrate Kamp that defendant was told he could not tell what happened until he entered a plea of guilty. The record shows that the magistrate already had been permitted to testify substantially that without objection. He had testified that when the information was read to the defendant, the latter attempted to explain the circumstances of the accident, but was told by the magistrate that if he wanted to plead not guilty, the court could not and would not listen to any of the facts of the case. Instead, he would set the case down for trial. Thus, the first portion of the offer of proof merely sought to show what the magistrate had already stated and its refusal was not prejudicial error.

The second portion of the offer of proof was that Magistrate Kamp would testify that defendant was told that if he did enter a plea of guilty, he would be entitled to tell his story. This could have been inferred anyway from what the magistrate was permitted to testify, but even if he had been permitted to testify specifically that defendant was told that he would be permitted to tell his story if he entered a plea of guilty, that would not have constituted any explanation of the plea of guilty by the defendant or why it was entered. The offer of proof did not seek to give any explanation of the action of the defendant in entering the plea. For example, there was no offer to show that he did it to save time or expense, or because he was away from home, as was true in the case of Race v. Chappell, supra, or that he was coerced, or did so on the basis of any representations, or for any other reason. Furthermore, the defendant himself later took the stand and he was not asked a single question about the magistrate court proceeding or his plea of guilty. He did not seek to offer any explanation of his plea. He did not even undertake to say that following his plea of guilty, he was given or denied a chance to explain the facts and circumstances to the judge. As a matter of fact, there was no evidence of this character given by any witness, and there was no offer of proof of such testimony by any witness. Under these circumstances, there was no exclusion of evidence to explain defendant's plea of guilty. The action of the trial court did not violate the rule announced in Blashfield and the A.L.R. Annotation or the other cases cited, and the court's action in sustaining the objection to the offer of proof made during cross-examination of the magistrate was not prejudicially erroneous.

■ The discussion between counsel and the court which occurred outside the presence of the jury preceding argument of the case to the jury could not have been prejudicial to the defendant, even assuming that the trial court was wrong in the view of the law expressed by him as to the right to offer explanation of the plea of guilty. Counsel could only argue the evidence which had been received, and as heretofore indicated, there simply was no evidence, either received or offered, which in any sense constituted an explanation of the entry by defendant of his plea of guilty. Consequently, there was nothing of that kind for counsel to argue to the jury. There can be no error in denying a right to argue evidence which is not available for argument.

■ What we have said before also disposes of the complaint about the action of the trial court during the course of argument to the jury. There simply was no evidence in the record, received or proffered, which constituted any explanation of the plea of guilty. Furthermore, the argument to which the court sustained an objection did not correctly state the testimony of the magistrate. He did not at any time testify that defendant first stated in his court that he was not guilty. Rather, the magistrate testified that defendant started to explain the circumstances of the accident and was

stopped with the explanation that the magistrate did not want to hear the facts if there was to be a plea of not guilty. Furthermore, the magistrate did not testify that he stated to defendant, "Well, you'll have to plead guilty or not guilty." Even if he had, that would not have constituted any explanation by the defendant as to the reasons for entering a plea of guilty, or any explanation of the plea, and we find no basis for finding prejudicial error in connection with the action of the trial court in sustaining the objection to this argument.

■ Under these circumstances, we find that the record does not disclose any error in exclusion of evidence or control of argument to the jury. Consequently, the action of the trial court in granting a new trial on these grounds cannot be sustained. The trial court has no discretion to grant a new trial on the basis of assignments where the record fails to disclose any error with reference thereto. Pitha v. St. Louis Public Service Co., Mo., 273 S.W.2d 176, 180.

No other grounds are asserted or briefed as a basis for sustaining the granting of a new trial to the defendant.

The defendant's motion for new trial complained that the verdict for $900 for property damage was excessive. The order of the trial court sustaining the motion for a new trial recites that the verdict for property damage is excessive but could be corrected by an order of remittitur. This was not done since the motion for new trial on all issues was sustained by the court on other grounds, but it can be done by the trial court on remand.

The action of the trial court in sustaining defendant's motion for new trial is reversed and the cause remanded. The court is directed to ascertain the amount by which the verdict for property damage is excessive and to reinstate the verdict and enter judgment thereon in favor of plaintiff, conditioned on remittitur by plaintiff of the amount by which the trial court finds the verdict for property damage to be excessive.

All of the Judges concur.