[No. 10,100.]

## THE PEOPLE *v.* BARTLETT FREEL.

DISTINCTION BETWEEN MURDER AND MANSLAUGHTER.—Whether a homicide amounts to murder or to manslaughter merely, does not depend upon the presence or absence of the intent to kill.

IDEM.—In either murder or manslaughter, there may be a present intention to kill at the moment of the commission of the act.

APPEAL from the District Court of the Third Judicial District, City and County of San Francisco.

The defendant was indicted for the crime of murder, alleged to have been committed at San Francisco, on the first day of November, 1873, by killing one Edward W. Allen. Allen kept a saloon, and a crowd of persons having collected there so as to obstruct his doorway, he went from his place behind the bar with a cane or stick to clear the passage-way. A difficulty took place, during which he was killed. The defendant claimed to have been justified, but the testimony was of such a character, that it became a question, if he was not justified, whether the offense was murder or manslaughter. The defendant was convicted of murder in the second degree, and appealed.

*C. B. Darwin*, for the Appellant, argued that if there was no intention to kill, there was no crime unless there was criminal negligence.

*Attorney-General Love,* for the People.

By the Court, NILES, J.:

The Court instructed the jury as follows: " You will also observe that the difference between murder and manslaughter is, that in manslaughter there is no intention whatever either to kill or to do bodily harm. The killing is the unintentional result of a sudden heat of passion, or of an unlawful act committed without due caution or circumspection."

This is clearly erroneous. Whether the homicide amounts to murder or to manslaughter merely, does not depend upon the presence or absence of the intent to kill. In either case there may be a present intention to kill at the moment of the commission of the act. But when the mortal blow is struck in the heat of passion, excited by a quarrel, sudden, and of sufficient violence to amount to adequate provocation, the law, out of forbearance for the weakness of human nature, will disregard the actual intent and will reduce the offense to manslaughter. In such case, although the intent to kill exists, it is not that deliberate and malicious intent which is an essential element in the crime of murder.

Under the circumstances of this case, as shown by the testimony, it was important that the distinctions between the several grades of homicide should be correctly stated to the jury. They could hardly fail to be misled by the erroneous instruction we have noticed.

Several other points were made by the counsel for defendant, which we do not deem it necessary to discuss.

Judgment and order reversed, and cause remanded for a new trial.