[L. A. No. 3439.   Department Two.—May 16, 1913.]

In the Matter of the Estate of PIERRE AGOURE, Deceased.

ESTATE OF DECEASED PERSON—RIGHT OF WIDOW TO ADMINISTER ESTATE—MERE CHARGE OF CONSPIRACY TO MURDER HUSBAND.—A creditor of a deceased person cannot contest the widow's priority of right to letters of administration upon his estate, merely by charging her with having entered into a conspiracy to murder her husband, and by innuendo and insinuation implying that his death was the successful outcome of this conspiracy.

ID.—CONVICTION OF CRIME NECESSARY TO DEFEAT RIGHT TO ADMINISTER. Under section 1409 of the Civil Code, only a person who has been convicted of the murder of the deceased is debarred from succeeding to his estate, while section 1350 of the Code of Civil Procedure only renders incompetent to serve as executor or administrator a person who has been convicted of an infamous crime.

APPEAL from an order of the Superior Court of Los Angeles County granting letters of administration on the estate of a deceased person. James C. Rives, Judge. .

The facts are stated in the opinion of the court.

J. Lapique, *in pro per.*, for Appellant.

Henry T. Gage, and W. I. Foley, for Respondent.

THE COURT.—This appeal, taken by John Lapique, representing himself to be a creditor of the deceased and entitled to letters of administration upon his estate, is from the decree of the court granting the application of the widow of the deceased for such letters. Upon the oral hearing of the appeal the decree appealed from was affirmed from the bench, the reasons for such affirmance being then given. Those reasons are substantially the following: The widow of the deceased had applied for letters of administration upon her husband's estate. Lapique interposed with a contest and a petition asking that letters be issued to himself as being a creditor and a fit and competent person. His petition and contest could prevail over the widow's right, under section 1365 of the Code of Civil Procedure, only upon a showing that she had forfeited this right under the provisions of section 1350 of the Code of Civil Procedure or section 1409 of the Civil Code. Lapique's petition charged the widow with having entered into a conspiracy to murder her husband. By innuendo and insinuation it implied that the husband's death was the successful outcome of this conspiracy. The evidence which Lapique asserted that he desired to offer in support of these charges, the court, with the utmost propriety, refused to hear. Lapique knew, or should have known, that section 1409 of the Civil Code declares that "No person who has been *convicted* of the murder of the decedent shall be entitled to succeed to any portion of his estate," and that section 1350 of the Code of Civil Procedure declares that no person is competent to serve as executor or as administrator who has been "*convicted* of an infamous crime." It is not pretended that the widow had been convicted or even charged with the crimes

which Lapique in his petition thus wantonly preferred against her.

The court was, therefore, right in adjudging that appellant's petition and contest were without merit.

Hearing in Bank denied.