[S. F. No. 7308. Department One.—April 30, 1917.]

WILLARD N. DROWN, Administrator of the Estate of Archer Cullen Drown, Deceased, Appellant, v. NEW AMSTERDAM CASUALTY COMPANY et al., Respondents.

INSURANCE—UNLAWFUL KILLING OF INSURED BY BENEFICIARY.—Where one insures his own life for the benefit of another person, and the beneficiary murders or unlawfully kills the person insured, public policy will not allow such beneficiary to recover upon the policy.

ID.—RESULTING TRUST IN FAVOR OF ESTATE OF INSURED—PLEADING IN ACTION TO ENFORCE—UNLAWFULNESS OF KILLING MUST BE AVERRED. Whether in such a case, the terms and conditions of the policy having been fully performed by the insured, the law will not permit the policy to lapse in favor of the insurer, but will raise a resulting trust in favor of the estate of the insured and allow a recovery upon the policy by his personal representative, is not decided; but a complaint based upon such theory is insufficient to raise the question, in the absence of allegations of specific facts showing that the killing of the insured by the beneficiary was felonious within the definitions of the Penal Code.

ID.—PLEADING COMMISSION OF FELONY.—If the fact that another person has committed a felony is essential to a cause of action or defense, the person asserting such cause of action or defense must, in order to maintain it, specifically aver every fact which it would be necessary to prove against such person to establish the crime

and his guilt thereof in a criminal prosecution. An averment of the mere conclusion that such person did commit the offense, or that he was guilty thereof, is insufficient.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

J. F. Leicester, for Appellant.

Lilienthal, McKinstry & Raymond, for Respondents.

SHAW, J.—The plaintiff has appealed from the judgment upon the judgment-roll alone. The court below having sustained the demurrer to the complaint without leave to amend, the sole question presented is whether the complaint states a cause of action.

The action is by the administrator of the estate of Archer Cullen Drown to recover the proceeds of a policy issued by the defendant company insuring the said Archer Cullen Drown against death by accidental means. The complaint alleges that on June 22, 1912, the defendant issued the policy sued on whereby the company agreed "to pay . . . , in the event of the accidental death of said Archer Cullen Drown, . . . *to the beneficiary designated in said policy, if surviving, otherwise to the executors or administrators of said Archer Cullen Drown,*" the proceeds of the policy; that Amelia C. Drown, wife of the insured, was and is named therein as the beneficiary; that while the policy was in full force and effect, on the twenty-fourth day of October, 1913, the said Archer Cullen Drown met with death by accidental means in the following manner: That while the said Archer Cullen Drown was "reclining and reposing in his bed, and whilst he was wholly unarmed, and was resting and endeavoring to or was sleeping, his said wife Amelia C. Drown took a loaded pistol in her hand and discharged the same at the said Archer Cullen Drown, and shot and killed her said husband Archer Cullen Drown"; that the injuries resulting therefrom were not intentionally or otherwise self-inflicted and that the injuries and resulting death were without design, unforeseen, and unexpected on the part of the said Archer Cullen Drown; that

claim of loss under said policy was duly presented to the defendant company; that said Amelia C. Drown, the beneficiary designated in the policy, caused the accidental death of said Archer Cullen Drown, as above related, and that "because such death was caused by her act, as aforesaid, she is not herself entitled to take any advantage or benefit under said policy, . . . but that the liability of the said defendant New Amsterdam Casualty Company upon and under said policy continues in full force and effect, and any and all moneys upon or under said policy belong to and form part of the estate of said Archer Cullen Drown, deceased"; that said Amelia C. Drown claims an interest adverse to plaintiff in the proceeds of said policy as the designated beneficiary and is a necessary party defendant; that said Amelia C. Drown after the death of the said Archer Cullen Drown did assign and transfer to the plaintiff, as such administrator, all her right and interest under the said policy; that demand was duly made by plaintiff upon the defendant company for the payment of the proceeds of the said policy but that the said defendant company has refused to make such payment to plaintiff or to the said Amelia C. Drown, or to any other person on account of or in satisfaction of the amount due under said policy.

On the part of the appellant it is conceded that where one insures his own life for the benefit of another person, and the beneficiary murders or unlawfully kills the person insured, public policy will not allow such beneficiary to recover upon the policy. It is contended, however, that in such a case if the terms and conditions of the policy have been fully performed by the person insured, the law will not permit the policy to lapse in favor of the insurer, but will raise a resulting trust in favor of the estate of the insured person and allow a recovery upon the policy by his personal representatives. Both parties have presented their views on this proposition with much force and ability.

We cannot find in the allegations of the complaint any statement of the facts necessary to raise the question. One of the strongest disputable presumptions known to the law is the presumption "that a person is innocent of crime." (Code Civ. Proc., sec. 1963, subd. 1.) In a criminal action the defendant is presumed to be innocent until his guilt is proved beyond a reasonable doubt. (Pen. Code, sec. 1096.)

In a civil action proof to a moral certainty, which may fall short of proof beyond reasonable doubt, is sufficient. (Code Civ. Proc., sec. 1826.) It is an invariable rule that if the fact that another person has committed a felony is essential to a cause of action or defense, the person asserting such cause of action or defense must, in order to maintain it, show that such other person has committed such felony. In his pleading of the cause of action or defense he cannot rely on a statement of the mere conclusion that the other person did commit the offense, or that he was guilty thereof, but must state every fact which it would be necessary to prove against such person to establish the crime and his guilt thereof in a criminal prosecution therefor, except, perhaps, the venue. If the facts essential to the crime are not alleged there can be no presumption that such crime has been committed, and the person concerned must be presumed to be innocent thereof.

If we apply these principles to the present case it will clearly appear that there is no foundation in the complaint for the argument that Amelia C. Drown was guilty of the murder or of the unlawful killing of Archer Cullen Drown. Murder is the unlawful killing of a human being with malice aforethought. (Pen. Code, sec. 187.) Such malice may be either express or implied. (Pen. Code, sec. 188.) Manslaughter is the unlawful killing of a human being without malice, either voluntarily, "upon a sudden quarrel or heat of passion," or involuntarily, "in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection." (Pen. Code, sec. 192.) There are no allegations in the complaint to the effect that the killing of Archer Cullen Drown was done with that malice, either express or implied, which is necessary to make the act a murder. In order to constitute voluntary manslaughter there must be an intent to kill, though it is not that deliberate and malicious intent which is an essential element in the crime of murder. (*People* v. *Freel,* 48 Cal. 436, 437.) There is no allegation that the killing, though without malice, was done upon the sudden quarrel or heat of passion which is necessary to reduce an unlawful and intentional killing to manslaughter. It is not averred, either directly or indirectly, that the killing was done in the commission of an unlawful act, or in the commission of a

lawful act in an unlawful manner, or without due caution
or circumspection.   There is, therefore, no basis for the claim
that the complaint shows an involuntary manslaughter.   It
is not alleged that it was unlawful or that it was intentional.
The pleader seems to have been careful to avoid making either
of these allegations.   The complaint alleges that the death
was accidental, that it was "effected solely and exclusively
by accidental means," that "said accidental death" resulted
from the act of said Amelia C. Drown.   It described the
act which caused his death as follows: "Amelia C. Drown
took a loaded pistol in her hand and discharged the same
at the said Archer Cullen Drown, and shot and killed" him.
All this might have occurred without any intention on her
part either to shoot him or kill him.   A loaded pistol may
be discharged *at* a person by another without any intent
whatever to kill.   In the connection in which *at* is used in
the sentence it means merely that she shot the pistol in the
direction of said Archer Cullen Drown.   It carries no neces-
sary implication of intent and no intent is alleged in the
complaint in any other manner.   If after taking the pistol
in her hand she accidentally discharged it without any in-
tention whatever of doing so, and the pistol was then pointed
in the direction of the decedent, it could truthfully be said that
she had shot the pistol *at* him.   The language is as consistent
with an unintentional and accidental discharge as with a dis-
charge with the intent to shoot the decedent.   It does not
expressly declare that it was accidental, although that fact
might be implied from the language describing it as "the
accidental death" and as a death caused by "accidental
means."   In view of the lack of any showing in the complaint
that the killing was felonious, the case cannot be considered
upon the theory that she is estopped by her conduct and on
grounds of public policy from claiming the benefits of the
policy of insurance.   Even an intentional killing, if done
in her lawful self-defense, would not prevent her from claim-
ing the benefits of the policy.   The facts alleged, however,
exclude the theory of self-defense.   There is an allegation
that because of the facts relating to the cause of his death,
as above stated, Amelia C. Drown is not entitled to enforce
the policy or take the benefit thereof.   But this is a conclusion
of law, and it in no wise alters or enlarges the legal effect
of the facts.   If the plaintiff seeks to recover on behalf of

the estate on the ground that the beneficiary cannot claim the benefits of the policy, he must state the facts upon which the principles of public policy denying her right must rest. Upon this complaint such statement would be unnecessary because upon the face of the complaint the beneficiary is entitled to recover upon the policy, it being alleged that the proper proof of death and claim of loss was made, and the allegation that she has assigned her interest to plaintiff for the benefit of the estate is sufficient to entitle him to maintain the action. If the defendant desires to make a defense on the ground stated, an answer will be necessary setting up the facts upon which it is claimed the beneficiary of the policy is debarred from recovery thereon. Upon the facts stated in the complaint we can see no ground for holding that it does not state a cause of action in favor of the plaintiff. It would be manifestly improper for this court to render a decision upon an assumed fact of so grave a character unless such fact is shown by the record before it. It may be remarked that it is stated in the briefs that she has been acquitted of criminal homicide.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.