[Civ. No. 3338. Second Appellate District, Division One.—September 20, 1920.]

## CHARLES B. THROOP, Appellant, v. WESTERN IN-DEMNITY COMPANY (a Corporation), Respondent.

[1] ACCIDENT INSURANCE—DEATH BY ACCIDENTAL MEANS—INCONSISTENT FINDINGS.—In an action to recover upon policies insuring against loss resulting from bodily injuries to the insured effected directly and independently of all other causes through accidental means, a finding that the insured was killed by the discharge of a loaded shotgun in the hands of the plaintiff, but that the insured did not thereby sustain bodily injuries which were effected directly and independently of all other causes through accidental means, is inconsistent and conflicting with the further finding of the probative fact that the discharge of the gun was occasioned by the gross negligence of the plaintiff and by reason of the fact that plaintiff did not use any care or caution in handling the gun.

[2] ID.—INJURY FROM ACT OF BENEFICIARY—RECOVERY.—A contract of insurance against loss resulting from bodily injuries effected directly and independently of all other causes through accidental means impliedly assumes the risk of all carelessness by every person, whether a possible beneficiary under the contract or not, and a death which is unintentional, though caused by some neglect or unlawful act of the beneficiary, is within the contract, unless excepted by the policy.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Swanwick & Donnelly for Appellant.

Duke Stone for Respondent.

CONREY, P. J.—On the seventeenth day of August, 1916, the defendant executed and delivered to Hilda E. Throop two policies of insurance against loss resulting from

---

1. What constitutes an accident within accident policy, notes, 54 Am. Rep. 302; 8 Am. St. Rep. 763; 30 L. R. A. 206; 48 L. R. A. (N. S.) 524.

bodily injuries to her effected directly and independently of all other causes, through accidental means (suicide or any attempt thereat, whether sane or insane, not covered) ; the beneficiary of said policies in the event of death thereunder being the plaintiff Charles B. Throop. This action is brought upon those policies to recover the compensation therein named on account of the death of Hilda E. Throop on the thirteenth day of September, 1916, occurring by reason of bodily injuries sustained in a manner within the terms of said policies. Upon issues properly framed the court found that "on September 13, 1916, said Hilda E. Throop was killed in the county of Riverside, state of California, by means of the discharge of a loaded shotgun in the hands of the plaintiff, and actually discharged by the plaintiff herein; but that said Hilda E. Throop did not thereby sustain bodily injuries, or bodily injury, which were effected directly and independently or directly or independently of all other causes through accidental means; that the discharge of said gun, as aforesaid, was occasioned by the gross negligence of said plaintiff and because and by reason of the fact that said plaintiff failed to use and did not use due or ordinary or any care or caution in handling the same; that said Hilda E. Throop died on the same day, to wit: September 13, 1916, and that her said bodily injuries, or injury, were not caused by suicide or any attempt thereat on her part." Judgment was entered in favor of the defendant and the plaintiff appeals therefrom.

Appellant contends that the judgment should be reversed, (1) because the findings show that the death was caused by accidental means; (2) because the findings are inconsistent and conflicting. The other points relied upon for reversal relate to alleged insufficiency of the evidence and need not be considered on this appeal, if either of the foregoing stated contentions of appellant is sustained.

[1] The finding that the said Hilda E. Throop "did not thereby sustain bodily injuries, or bodily injury, which were effected directly and independently or directly or independently of all other causes through accidental means," considered separately and apart from the remainder of the finding, is sufficient to support the judgment. The real question presented is whether or not the finding as last above quoted is necessarily inconsistent with the probative fact

thereinafter stated. That the two propositions cannot both be true is to our minds very clear. The fact found, that the discharge of the gun was occasioned by the gross negligence of the plaintiff and because and by reason of the fact that the plaintiff failed to use and did not use due or ordinary or any care or caution in handling the same, excludes the possibility of any intentional discharge of the gun, and compels the conclusion that the injuries were effected solely by accidental means. "If the probative facts found were such as to necessarily overcome the finding of the ultimate fact, the latter could not prevail." (*Estate of Hill,* 167 Cal. 59, at p. 63, [138 Pac. 690, 692].)

To meet the contingency that the court might decide as above indicated, respondent contends that under the finding hereinabove quoted the plaintiff was guilty of involuntary manslaughter in that the discharge of the gun by the plaintiff, even if the same was a lawful act, was the commission of an act which might produce death, "in an unlawful manner, or without due caution and circumspection" (Pen. Code, sec. 192); that this conduct of the plaintiff was subject to punishment by imprisonment in the state prison and constituted a felony; and that a party cannot in any case recover insurance money payable on the death of a party whose life he has feloniously taken. In support of the claim that, under these circumstances, the plaintiff will not be permitted to recover, we are referred to *Drown* v. *New Amsterdam Casualty Co.,* 175 Cal. 21, [165 Pac. 5], and *New York Mutual Life Ins. Co.* v. *Armstrong,* 117 U. S. 591, [29 L. Ed. 997, 6 Sup. Ct. Rep. 877, see, also, Rose's U. S. Notes]. The decision in the Drown case is not directly in point. The court was considering the sufficiency of the complaint, and held that under the allegations thereof there was no foundation in the complaint for the argument that Amelia C. Drown was guilty of the murder or of the unlawful killing of Archer Cullen Drown. "There are no allegations in the complaint to the effect that the killing of Archer Cullen Drown was done with that malice, either express or implied, which is necessary to make the act a murder. In order to constitute voluntary manslaughter there must be an intent to kill, though it is not that deliberate and malicious intent which is an essential element in the crime of murder. (*People* v. *Freel,* 48 Cal. 436, 437.) There was

no allegation that the killing, though without malice, was done upon the sudden quarrel or heat of passion which is necessary to reduce an unlawful and intentional killing to manslaughter. It is not averred, either directly or indirectly, that the killing was done in the commission of an unlawful act, or in the commission of a lawful act in an unlawful manner, or without due caution or circumspection. There is, therefore, no basis for the claim that the complaint shows an involuntary manslaughter. It is not alleged that it was unlawful or that it was intentional.'' From the language quoted an inference is attempted to be drawn that the court was of the opinion that a recovery could not be had by or for the benefit of Amelia C. Drown, or by an assignee of her claim, if the killing was the result of her unintentional act amounting to involuntary manslaughter. Our reading of the opinion fails to convince us that the court intended to so decide. In the case of *New York Mutual Life Ins. Co.* v. *Armstrong*, the court was dealing with evidence of facts tending to show an intentional murder of the assured by one beneficially interested in the policy, and the language of the court must be considered in the light of the case thus presented.

[2] The rule which, in our opinion, should prevail in this case is clearly stated in *Schreiner* v. *High Court of Illinois Catholic Order of Foresters*, 35 Ill. App. 576, and was there stated as follows: ''No homicide which is the result of carelessness, or which is not an intentional killing, should bar plaintiff's right to the money on her certificate. A contract of insurance, or a certificate like the one in suit, impliedly assumes the risk of all carelessness by every person, whether a possible beneficiary under the contract or not, from which the death of the insured may result, unless such acts of carelessness are especially excepted; therefore a death which is unintentional, though caused by some neglect or unlawful act of the beneficiary, is within the contract, and ought not to defeat the policy. But it would be unjust and unreasonable to hold that the intentional taking of the life of the insured, by the person who is to receive the insurance on the death, is a risk assumed and insured against by the company or the society which issues the policy or certificate.''

Being of the opinion that the judgment herein is based upon a finding which is inconsistent and conflicting on the principal issue upon which the rights of the parties herein are dependent, we conclude that the judgment is not supported by the findings.

For that reason the judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 18, 1920.

All the Justices concurred.