[Civ. No. 15713.   Second Dist., Div. One.   May 2, 1947.]

Estate of TESSIE LYSHOLM, Deceased.   SECURITY FIRST NATIONAL BANK OF LOS ANGELES, Respondent, v. EVA THOMPSON et al., Appellants.

George I. Devor and Jacob Swartz for Appellants.

Lawrence Paul Scherb for Respondent.

DRAPEAU, J. pro tem.—The facts in this case are either stipulated or admitted.  The probate court made its decree distributing to the surviving husband of the decedent one-

half of her separate property and the whole of the community property, and the remaining one-half of the separate property to two surviving sisters of the decedent. Included within the husband's portion of the separate property was one-half of the proceeds of an insurance benefit fund which his wife had carried on her life for many years as a member of a mutual benefit association.

Appellants, the two surviving sisters, object to this distribution upon the ground that the husband killed his wife, and therefore he may not take any portion of the insurance. The husband was charged with murder, tried in the superior court, convicted of manslaughter, and given probation with a county jail sentence.

That part of the benefit agreement which is applicable to this controversy is as follows:

"Death of Member Caused by Beneficiary—Subdiv. 1. If a benefit member shall be murdered by any beneficiary named in the contract of insurance, or by one who may claim benefits thereunder, or if any beneficiary named in a member's contract or who may claim benefits thereunder shall cause the death of the member, provided, that this condition will not apply in case of accidental death, then the right of such beneficiary to receive any benefits under contract held by such member shall be forfeited, and the amount which would otherwise have been paid to said beneficiary, through whose actions or agency the death of the member was brought about, shall be paid to the minor children of said member. If no minor children survive, then said amount shall be payable to the estate of the member."

The insurance money was paid to the estate of the decedent. The husband being entitled to one-half of the estate as heir of the wife, the decree of distribution is proper unless there is some theory which would prohibit the husband taking any part of the insurance money.

Probate Code, section 258, provides that no person convicted of murder shall succeed to any portion of the estate of his victim. This section is substantially the same as Civil Code, section 1409, which it superseded. Construing the section, it has been held that there must have been an actual conviction of the heir for murder of the ancestor. (*Estate of Agoure,* 165 Cal. 427 [132 P. 587]; 9 Cal.Jur. 468.) If there be a conviction of murder, then neither the murderer nor his heirs have any right to the insurance money. (*West Coast*

*Life Ins. Co.* v. *Crawford,* 58 Cal.App.2d 771 [138 P.2d 384].) Conviction of the crime of manslaughter does not destroy the right of the heir to take. (*Estate of Kirby,* 162 Cal. 91 [121 P. 370, Ann.Cas 1913C 928, 39 L.R.A.N.S. 1088].)

■ When the death is the result of accident, or even when caused by such gross negligence on the part of the beneficiary, that he was guilty of involuntary manslaughter, the beneficiary may still recover. (*Throop* v. *Western Indemnity Co.,* 49 Cal.App. 322 [193 P. 263]; 29 Am.Jur. 979; 45 C.J. 226.)

■ Appellants contend that the insurance was forfeited by the terms of the benefit agreement, and thus became earmarked for distribution to the sisters only. This contention is based upon arguments of public policy. However, the cases just cited define the limits of the public policy involved. Under the stipulated facts in this case neither this court nor the probate court may go further than to infer that the death of the insured was because of conduct on her husband's part which was involuntary manslaughter. Therefore, he is not barred from taking his share of her estate as her heir.

The benefit certificate does not prohibit the husband taking as heir. True the contract states that if the beneficiary shall cause the death of the insured then he forfeits the right to receive the benefits. But, again, from the stipulated facts of this case, this death may have been caused by accident, and there was therefore no forfeiture. Or, if there were a forfeiture, the money having been paid to the estate of the wife, the husband is not as a matter of law precluded from sharing as her heir.

The order is affirmed.

York, P. J., and White, J., concurred.