Filed 5/2/25  P. v. De La Rosa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098721 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE010109) |
| v. | |
| VICTOR DE LA ROSA, | |
| Defendant and Appellant. | |

Defendant Victor De La Rosa appeals following his conviction for murder with an enhancement for use of a firearm.  He raises two general arguments.

First, he challenges three standard jury instructions—CALCRIM Nos. 522, 570, and 571—that the trial court used in this case.  These instructions collectively state that a killing that would otherwise be murder is reduced to manslaughter when a person kills in a sudden quarrel, in a heat of passion, or in imperfect self-defense.  CALCRIM Nos. 570 and 571 add that the prosecution has the burden to disprove these mitigating

1

circumstances to sustain a murder conviction. In De La Rosa's view, however, this misstates the law—murder is not *reduced* to manslaughter when the prosecution fails to disprove these circumstances; instead, manslaughter is *increased* to murder when the prosecution disproves these circumstances. De La Rosa asserts that in misstating the law, these instructions relieved the prosecution of its burden of proof.

Second, De La Rosa contends the trial court misunderstood its discretion to modify his firearm enhancement. The jury found true an alleged firearm enhancement under Penal Code[1] section 12022.53, subdivision (d). Before sentencing, De La Rosa asked the trial court to strike this enhancement and to impose in its place a lesser included, uncharged enhancement under another statute—section 12022.5, which carries a less severe penalty. But the trial court declined to do so, believing it lacked such authority. Since that time, however, our Supreme Court has clarified that trial courts do have this authority: They can strike a section 12022.53 enhancement and then impose a lesser included, uncharged enhancement under a separate Penal Code statute, including section 12022.5. Citing this new authority, De La Rosa contends this case should be remanded for resentencing.

We agree this case should be remanded for resentencing, as do the People. But we reject De La Rosa's challenge to the jury instructions.

BACKGROUND

De La Rosa shot Roy Jimmerson to death in early 2020. According to De La Rosa, he approached Jimmerson after noticing Jimmerson attempting to break into a neighbor's car. De La Rosa told him to stop. De La Rosa carried a handgun at the time but kept it in his pocket. After an exchange of words, Jimmerson moved toward De La Rosa and the two began shoving and punching each other.

---

[1] Undesignated statutory references are to the Penal Code.

2

Shortly after, according to De La Rosa, Jimmerson said, "I'm going to kill you" and "them"—meaning De La Rosa's wife and brother, who were standing nearby. Jimmerson then again said, "I'm going to kill you," and reached into his waistband. Saying he "freaked out," De La Rosa pulled out his handgun and fired nine shots, hitting Jimmerson four or five times. Jimmerson died three days later at a hospital.

Following charges, a jury found De La Rosa guilty of second degree murder. (§ 187, subd. (a).) It also found true an alleged enhancement that in committing the murder, De La Rosa personally and intentionally discharged a firearm causing death within the meaning of section 12022.53, subdivision (d).

Before sentencing, De La Rosa asked the trial court to strike the firearm enhancement—which, if left in place, would require the court to impose an additional and consecutive term of 25 years to life (§ 12022.53, subd. (d))—and to impose no enhancement for the firearm. Alternatively, he asked the court to strike this enhancement and to impose in its place a lesser included, uncharged firearm enhancement under section 12022.5—which imposes a less severe punishment than section 12022.53, subdivision (d). Granting De La Rosa's request in part, the trial court struck the section 12022.53, subdivision (d) enhancement. But finding it inappropriate to impose no enhancement and believing it could not impose an enhancement under section 12022.5, the court imposed a firearm enhancement under section 12022.53, subdivision (b)— which imposes an additional and consecutive term of 10 years. It also sentenced De La Rosa to 15 years to life for the murder.

De La Rosa timely appealed in June 2023. His opening brief was filed in August 2024, and this case became fully briefed on February 24, 2025.

DISCUSSION

I

*Jury Instructions*

De La Rosa first challenges three standard jury instructions that the trial court used in this case—CALCRIM Nos. 522, 570, and 571, which all concern murder and manslaughter. He argues that all three instructions misstate the law. We disagree.

Before addressing the merits, we consider the People's assertion that De La Rosa forfeited his argument because he failed to raise it at trial. Case law explains that some, but not all, challenges to jury instructions are forfeited if not brought to the trial court's attention. A claim, for example, that the trial court should have clarified an instruction is forfeited if raised untimely. (*People v. Sattiewhite* (2014) 59 Cal.4th 446, 475.) But a claim that the trial court gave an incorrect instruction on the law is not. (*Ibid.*) In this case, De La Rosa argues that his claim falls into the latter category and so is not forfeited. But binding precedent cuts against him. Our Supreme Court in *People v. Parker* (2022) 13 Cal.5th 1, most notably, found a nearly identical challenge to a heat of passion instruction forfeited for failure to object at trial. (*Id.* at p. 71 [finding forfeited a claim that the instruction altered the burden of proof].) Still, even if De La Rosa's claim is forfeited, we will consider it nonetheless in light of his alternative claim of ineffective assistance of counsel.

Turning to the merits, we start with some background principles on murder and manslaughter. "Murder is the unlawful killing of a human being, or a fetus, with malice aforethought." (§ 187, subd. (a).) "Manslaughter is the unlawful killing of a human being without malice." (§ 192.) Malice is the element dividing these two crimes, and it is generally present when a person intends to unlawfully kill another. But "California law recognizes two circumstances where 'a finding of malice may be precluded, and the offense limited to manslaughter, even when an unlawful homicide *was* committed with intent to kill.' " (*People v. Schuller* (2023) 15 Cal.5th 237, 252 (*Schuller*).) The first is

when a person kills "upon a sudden quarrel or heat of passion"—which we will generally refer to as a killing in the heat of passion. (§ 192, subd. (a).) The second is when a person kills in imperfect (sometimes called unreasonable) self-defense—which involves a killing based on an actual but unreasonable belief in the need to use deadly force in self-defense. (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1082.)

Heat of passion and imperfect self-defense are often at issue in murder cases. In those cases, the prosecution must disprove these mitigating circumstances to sustain a murder conviction. (*Schuller*, *supra*, 15 Cal.5th at p. 253.) That is because both heat of passion and imperfect self-defense negate an element of murder—namely, the element of malice aforethought (*id.* at p. 254)—and under due process principles, the prosecution has the burden to disprove mitigating circumstances (and defenses) that negate an element of the charged offense (*id.* at pp. 253, 259). Defendants, on the other hand, generally have the burden to prove defenses that " 'excuse[] conduct that would otherwise be punishable,' but 'do[] not controvert any of the elements of the offense itself.' " (*Smith v. United States* (2013) 568 U.S. 106, 110; see *People v. Neidinger* (2006) 40 Cal.4th 67, 72 ["it is constitutionally permissible to place on the defendant the burden of proving affirmative defenses by a preponderance of the evidence, as long as the defendant is not required to negate an element of the offense"].)

The jury instructions challenged here discuss these concepts. CALCRIM No. 522 states, among other things, that provocation "may reduce a murder to manslaughter." Similarly, CALCRIM Nos. 570 and 571 explain this principle in the context of heat of passion and imperfect self-defense, respectively. They state that "[a] killing that would otherwise be murder is reduced to voluntary manslaughter" if (1) the defendant killed someone because of a sudden quarrel or in the heat of passion (CALCRIM No. 570) or (2) the defendant killed someone based on imperfect self-defense (CALCRIM No. 571). They then describe the circumstances that establish heat of passion (CALCRIM No. 570) and imperfect self-defense (CALCRIM No. 571). And they explain that the prosecution

has the burden to disprove these circumstances.  CALCRIM No. 570 states:  "The People have the burden of proving beyond a reasonable doubt that the defendant did not kill as the result of a sudden quarrel or in the heat of passion."  CALCRIM No. 571, similarly and as modified for this case, states:  "The People have the burden of proving beyond a reasonable doubt that the defendant was not acting in imperfect self-defense."  Both instructions then add:  "If the People have not met this burden, you must find the defendant not guilty of murder."

De La Rosa maintains that all three instructions misstate the law, largely focusing on the word "reduce."  In his view, the instructions should not say that murder is *reduced* to manslaughter if the defendant killed someone because of one of these mitigating circumstances; they should instead say that manslaughter is *increased* to murder if the defendant *did not* kill someone because of one of these mitigating circumstances.  Nor, in his view, should the instructions describe the circumstances that establish heat of passion and imperfect self-defense; they should instead, he suggests, describe the circumstances that *do not* establish heat of passion and imperfect self-defense.  As currently phrased, De La Rosa maintains, these instructions improperly "set second degree murder as the *default*, and place[] the burden squarely on the defense to shift the needle downward."

De La Rosa's claim is unpersuasive.  The instructions he challenges follow directly from our Supreme Court's precedent.  Time and again, our Supreme Court has explained that heat of passion and imperfect self-defense " '*reduce* an intentional, unlawful killing from murder to voluntary manslaughter "by negating the element of malice that otherwise inheres in such a homicide." ' "  (*Schuller*, *supra*, 15 Cal.5th at p. 252, italics added, original italics omitted; see *People v. Freel* (1874) 48 Cal. 436, 437 [a killing in the heat of passion "will reduce the offense to manslaughter"].)  This is not a new concept.  For California courts, it goes back to the time of our state's founding.  (*People v. Freeland* (1856) 6 Cal. 96, 98 ["In order to reduce the offense to manslaughter, it was necessary to establish some provocation apparently sufficient to

6

render the passion irresistible"].)  And although De La Rosa believes all these cases have misstated the law in "framing these issues in terms of a *reduction*," he cites no case—not one, from any jurisdiction—challenging this historic understanding.

Our Supreme Court, moreover, has already rejected the very type of argument De La Rosa raises here—though neither party discusses this authority.  In *People v. Parker*, *supra*, 13 Cal.5th 1, the defendant challenged the predecessor to CALCRIM No. 570, CALJIC No. 8.42, which similarly states that an unlawful killing can be "reduce[d]" from murder to "manslaughter upon the ground of sudden quarrel or heat of passion." (*Parker*, at p. 70 & fn. 22.)  Echoing De La Rosa's claim here, the defendant asserted that this instruction "improperly permitted jurors to presume murder was the default offense and could be reduced or excused by certain mental states, the presence of which were defendant's burden to prove."  (*Parker*, at p. 70.)  But our Supreme Court disagreed.  It said it had earlier "upheld the propriety" of this instruction, noted the instructions as a whole explained that the prosecution bore the burden of proof, and said jurors are presumed to follow the instructions given.  (*Id.* at p. 71.)  That reasoning is fatal to De La Rosa's claim here.  (*Ibid.*; see also *People v. Howard* (2024) 104 Cal.App.5th 625, 661-662 [rejecting similar challenge to CALCRIM Nos. 570 & 571].)

Nor are we persuaded to find differently based on studies, cited for the first time on appeal, stating that jurors often misunderstand jury instructions.  De La Rosa cites two articles stating generally that jurors often struggle to understand jury instructions. (Marder, *Bringing Jury Instructions Into the Twenty-First Century* (2006) 81 Notre Dame L.Rev. 449, 451; Reifman et al., *Real Jurors' Understanding of the Law in Real Cases* (1992) 16 Law & Hum. Behav. 539, 540.)  He also cites a draft study finding that in a sample of nearly 900 respondents, most misunderstood who held the burden of proof under CALCRIM No. 570.  (Redbird, *The Impact of Jury Instructions on Heat of Passion Manslaughter Determinations* (Jan. 27, 2022) Northwestern Inst. for Policy Research, 5 <https://www.ipr.northwestern.edu/documents/working-papers/2022/wp-22-08.pdf> [as

of May 2, 2025], archived at <https://perma.cc/339T-S6U7>.) But none of these materials helps De La Rosa on appeal. As our Supreme Court has explained, "[w]e presume that the jurors understood and followed the instruction notwithstanding 'empirical assertions to the contrary based on research that is not part of the present record and has not been subject to cross examination.' " (*People v. Lee* (2011) 51 Cal.4th 620, 652.)

II

*Firearm Enhancement*

De La Rosa next argues that the trial court misunderstood its discretion to modify his firearm enhancement and that remand for resentencing is thus appropriate. The People agree, as do we.

Several statutes provide for firearm enhancements. The two relevant here are sections 12022.5 and 12022.53. Section 12022.5 generally applies to the personal use of a firearm in connection with any felony, and it typically imposes an additional and consecutive term of 3, 4, or 10 years. (§ 12022.5, subd. (a).) Section 12022.53, in turn, applies more narrowly to the personal use of a firearm in connection with the most serious offenses, including murder, and it imposes more severe punishment. (§ 12022.53, subd. (a)(1).) It imposes an additional and consecutive term of 25 years to life when the defendant personally and intentionally discharges a firearm causing death or great bodily injury. (*Id.*, subd. (d).) It also imposes lesser terms, either 10 or 20 years, for less serious firearm uses. (*Id.*, subds. (b)-(c).)

Trial courts generally must sentence a defendant under section 12022.53 when a jury finds true a firearm allegation under this statute. (§ 12022.53, subds. (b)-(d).) But trial courts have discretion to strike or dismiss a section 12022.53 enhancement in the interest of justice. (*Id.*, subd. (h).) And if they decide to do so, they further have discretion to impose a lesser included, uncharged enhancement in its place. Our Supreme Court has clarified the scope of this discretion in recent years. In *People v. Tirado* (2022)

8

12 Cal.5th 688, it found that a trial court can strike a section 12022.53, subdivision (d) enhancement and then impose a lesser included, uncharged enhancement under another subdivision in section 12022.53. (*Tirado*, at p. 692.) And in *People v. McDavid* (2024) 15 Cal.5th 1015 (*McDavid*)—a decision issued after sentencing in this case—it found that a trial court can also strike a section 12022.53 enhancement and then impose a lesser included, uncharged enhancement under a different Penal Code statute, including section 12022.5. (*McDavid*, at p. 1021.)

Here, the jury found true an allegation that in committing murder, De La Rosa personally and intentionally discharged a firearm causing death. That finding generally required the trial court to sentence De La Rosa to an additional and consecutive term of 25 years to life under section 12022.53, subdivision (d). But exercising its discretion, the court struck the section 12022.53, subdivision (d) enhancement and then imposed an enhancement under section 12022.53, subdivision (b)—which provides for an additional and consecutive term of 10 years. In doing so, the court acknowledged De La Rosa's request to instead impose an enhancement under section 12022.5. But it noted that at the time, case law was "split" on whether trial courts in these circumstances could impose an enhancement under a statute other than section 12022.53. It then said it believed trial courts could not do so—a conclusion that our Supreme Court later rejected in *McDavid*. (*McDavid*, *supra*, 15 Cal.5th at p. 1021.)

Because the trial court misunderstood the scope of its sentencing discretion, as *McDavid* now makes clear, we will reverse. Defendants are entitled to sentencing decisions made through the exercise of informed discretion. "A court acting while unaware of the full scope of its discretion is deemed to have abused it." (*McDavid*, *supra*, 15 Cal.5th at p. 1023.) That is the case here, as all parties agree. And because we

9

cannot say that the trial court would have reached the same decision had it been aware of the full scope of its discretion, we will remand this case for resentencing.[2]

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court for resentencing. The judgment is otherwise affirmed. Following resentencing, the trial court must prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
BOULWARE EURIE, Acting P. J.

We concur:

/s/
MESIWALA, J.

/s/
WISEMAN, J.[*]

---

[2] The trial court also said that if it sentenced De La Rosa under section 12022.5—which provides a lower term, middle term, and upper term sentencing enhancement—then it would need to comply with section 1170. That statute, among other things, "prohibit[s] imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 742.) De La Rosa says the trial court was mistaken, stating that section 1170 is inapplicable in this context. But we need not address this issue here.

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.